## ARTHUR PULLEN V. THE STATE.

No. 17645.   Delivered June 12, 1935.

The opinion states the case.

*E. T. Adams,* of Glen Rose, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was tried and convicted charges the offense of theft of property over the value of fifty dollars, and contains averments showing that he has been previously convicted of two felonies less than capital.   Because of repetition of offenses, the penalty assessed was confinement in the penitentiary for life.

H. P. Lichte owned an automabile which he had parked on a street in the city of Cleburne on the 10th of November, 1934. Someone stole the car about 3 p. m.   A witness for the State testified that appellant drove an automobile bearing the numbers of the stolen car to his filling station on the 12th of November, 1934, and while there, exhibited a pistol and robbed him.   The car was a V-8 Ford coupe and suited the description of the car Mr. Lichte had lost.   About the 16th of November, 1934, an officer recovered the stolen car about 25 or 30 steps from the home of the appellant's father.   Testifying in his own behalf, appellant denied that he had any connection with the transaction.   He introduced several witnesses who corrobroated his statement as to his whereabouts on the occasion of the theft.

No bills of exception are brought forward and no exceptions were leveled at the charge of the court.   Appellant contends that the charge was erroneous in failing to adequately submit

to the jury for their determination the question as to whether he had been previously convicted of two felonies less than capital. The State introduced in evidence the indictments, judgments of conviction and sentences obtained in the former cases against appellant. Witnesses for the State testified that appellant was the identical person named in the records of conviction. While testifying, appellant admitted that he had been convicted in the cases mentioned and had served his terms in the penitentiary. It is held in some jurisdictions that on a charge of a second or subsequent offense the question of the prior conviction is an essential element of the offense charged and an issue of fact to be determined by the jury. See 82 A. L. R., page 365 for citation of authorities supporting the rule mentioned. The court charged the jury in substance to find appellant guilty as charged in the indictment and assess his punishment at confinement in the penitentiary for life if they believed from the evidence beyond a reasonable doubt that he fraudulently took from the possession of Mr. Lichte his automobile, etc. We take it that it would have been proper for the court in the present case to have expressly advised the jury in the charge to find whether or not appellant had been previously convicted as charged. As already pointed out, appellant failed to interpose any objection to the charge. Article 666, C. C. P., requires that all objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial. Art. 658, C. C. P., provides that before the charge is read to the jury defendant or his counsel shall have a reasonable time to examine the same and shall present their objections thereto in writing, distinctly specifying each ground of objection. Art. 666, supra, inhibits this court from reversing a case on account of an error in the charge unless such error was calculated to injure the rights of the accused or unless it appears from the record that he has not had a fair and impartial trial.

The averment of the previous convictions in the indictment was necessary in order to give appellant notice that a greater penalty was to be sought than for a first offense, and to enable him to take issue thereon, and, if possible, show there was a mistake in identity, or that there were no final former convictions, or the like. 12 Texas Jur., 795; Neece v. State, 137 S. W., 919; Williams v. State, 5 S. W. (2d) 514. As already pointed out, appellant admitted while testifying that he had been previously convicted of the offenses described in the indictment. Also that the State made proof of such fact. In short, it was not only uncontroverted, but an admitted fact, that ap-

pellant was the identical person who had been previously convicted in the former cases. Art. 63, P. C., under which the enhanced penalty was assessed, reads as follows: "Whosoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

Under the circumstances reflected by the record, the punishment was "absolutely fixed by law to some particular penalty," that is, confinement in the penitentiary for life. See Art. 693, C. C. P. The jury could have reached no other conclusion than that appellant had been previously convicted of the offenses set forth in the indictment. It would follow that the only penalty that could have been affixed was imprisonment in the penitentiary for life. In the absence of proper exception to the court's charge on the ground that it failed to submit the matter more explicitly we are constrained to decline to review the alleged error. It might be added that, under the circumstances reflected by the record, we are of opinion that the failure to submit the matter more explicitly in no manner prejudiced appellant's rights. Hence, under the provisions of Art. 666, C. C. P., we would not be warranted in ordering a reversal.

We are unable to agree with appellant that the fact that the proof showed that he had been previously convicted three times of felonies less than capital would preclude the enhancement of the penalty under Art. 63, supra. We deem it unnecessary to discuss this question.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.