Richard SALINAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35435.

Court of Criminal Appeals of Texas.

March 6, 1963.

Frederic Johnson, James M. Poynor, Sinton, for appellant.

John H. Flinn, Sinton, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is felony theft; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by two prior convictions for felonies less than capital, life imprisonment.

The indictment charged the theft of two television receiving sets of the value of $100,

ownership and possession of the property being alleged in Ronald Rodgers.

Rodgers, the injured party, testified that he worked part time for Brewer's T V Appliance Store in the City of Sinton; that on the afternoon of May 16, 1962, he was working at the store and managing the same at the request of J. W. Brewer, the owner, while Brewer was in Corpus Christi; that around 2 o'clock, p. m., a man by the name of Benito Suniga came into the store and asked to see a used washing machine, at which time they went to the back and, while showing the machine, Rodgers saw a man carry a television set out the front door; that he then ran out to the front, where he saw Alfonso Garza sitting in a yellow Chevrolet automobile with a television set behind the seat, and saw appellant walking around the car with a television set in his hand; that he asked what they were doing with the sets and they did not say anything; that he reached in the car and got one of the sets and appellant handed him the other set. The witness testified that he then returned to the store with the two sets, called the sheriff, reporting the theft and giving him the license number of the automobile. He also testified that the two television sets were Philco portable 19-inch sets and that he had not given appellant or anyone else permission to take them from the store. He further testified that on the afternoon in question, while managing the store, he had the custody, control, and management of all property in the store.

The injured party's testimony was corroborated by Brewer, the owner of the store, relative to his employment on the afternoon in question and having custody, control, and management of the store and merchandise located therein. Brewer testified that the two television sets had a retail value of $189.95, each.

It was shown that later in the afternoon appellant and his two companions were apprehended by the officers and, after being duly warned, appellant made and signed a written confession in which he admitted

going to the store on the afternoon in question with his companions, Benito Suniga and Alfonso Garza, with the intention of stealing something and that while Suniga had Rodgers' attention he and Garza took the two sets out of the store to the automobile.

Appellant did not testify but in open court admitted that he had been convicted of the two prior offenses alleged in the indictment.

The court submitted to the jury the issue of appellant's guilt of the primary offense, under a charge on the law of principals.

 We find the evidence sufficient to sustain the conviction and overrule appellant's contention that there was a fatal variance between the allegations and the proof as to the person alleged to be in possession of the property stolen.

While J. W. Brewer was the owner and manager of the store from which the television sets were stolen, the proof clearly shows that on the afternoon in question the injured party, Rodgers, as his employee, in whom possession of the stolen property was alleged, had the actual care, control, and management of the property. By virtue of such care, control, and management, Rodgers was in possession of the two television sets taken from the store.

Under the provisions of Art. 402, Vernon's Ann.C.C.P., where one person owns the property, and another has possession of the same, the ownership may be alleged to be in either. Ritchie v. State, Tex.Cr. App., 344 S.W.2d 878.

We also overrule appellant's contention that the judgment entered by the court is invalid because it does not follow the verdict. Such contention is based upon the fact that only the issue of appellant's guilt of the primary offense was submitted by the court to the jury and by their verdict the jury found appellant guilty of the primary offense without a finding that he had been previously convicted of the two offenses charged.

No objection was made by appellant to the court's charge.

The court's failure to submit to the jury the question as to whether appellant had twice been previously convicted of the offenses alleged was not error, in view of appellant's judicial admission in open court that he had been so convicted. Pullen v. State, 129 Tex.Cr.R. 23, 84 S.W.2d 723.

Art. 693, V.A.C.C.P., provides that the jury shall assess the punishment "in all cases where the same is not absolutely fixed by law to some particular penalty."

It was not the jury's duty to fix the punishment upon appellant's third conviction of a felony offense less than capital. Under the provisions of Art. 63, V.A.P.C., the punishment of life imprisonment was mandatory. Haro v. State, 132 Tex.Cr.R. 507, 105 S.W.2d 1093; Punchard v. State, 142 Tex.Cr.R., 531, 154 S.W.2d 648.

The judgment is affirmed.

Opinion approved by the court.