**B. J. PITCOCK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35794.**

Court of Criminal Appeals of Texas.

May 22, 1963.

of being in conflict herewith, is modified. The jury has no choice in imposing punishment if it finds the appellant guilty and that he has been previously convicted. Thus, if accused stipulates the prior conviction, that issue is resolved and the question of guilt is all that remains. Salinas v. State, Tex.Cr. App., 365 S.W.2d 362. To allow its introduction, after such stipulation, resolves no issue and may result in prejudice to the accused.

For the reason stated, the judgment is reversed and the cause is remanded.

Marvin F. Foster, Jr., Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

**Randle LANGLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35803.**

Court of Criminal Appeals of Texas.

May 22, 1963.

McDONALD, Judge.

The conviction was for misdemeanor theft, under an indictment charging felony theft, with a prior felony conviction alleged for enhancement; the punishment, confinement in jail for one year.

The indictment alleged the theft of thirteen items, having an aggregate value of over fifty dollars. Proof was offered as to only nine of these. The property not being of uniform value, there must be proof of each item alleged. Anderson v. State, 166 Tex.Cr.R. 337, 314 S.W.2d 603, and cases therein cited.

In passing, we note that should the appellant again offer to fully stipulate as to the prior conviction, the state should not be allowed to introduce evidence on this point. Our holding in Thompson v. State, Tex.Cr.App., 339 S.W.2d 209, to the extent