Roy McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 36861.

Court of Criminal Appeals of Texas.

May 27, 1964.

E. P. Williams (on appeal only), Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is felony theft; the punishment, enhanced under Art. 63 P.C. by two prior convictions for felonies less than capital, life.

The indictment alleged the theft of 200 pounds of copper wire of the value of $100

from Odell Burch on or about the 14th day of February, A.D. 1963. It also alleged a conviction for felony theft in 1961 and a conviction in 1953 for burglary.

The sufficiency of the evidence to sustain the jury's finding that the appellant was guilty of theft of copper wire of the value of $50 or over is challenged.

Odell Burch, named in the indictment as owner of the copper wire, was general manager of San Patricio Electric Co-op with office and storeyard in Sinton.

On February 14, 1963, the date on or about which the offense was alleged to have been committed, a coil of copper wire weighing 200 pounds or more was in the quonset hut inside the cyclone fenced area. It belonged to the Co-op and was under the control and custody of Odell Burch.

Burch testified that he had sold and purchased copper wire and was familiar with the prices and values of such wire in San Patricio County and that area of the state and that 200 pounds of such wire was of the value of $100.

About a week after February 14th, 1963, the coil of copper wire was found to be missing.

Appellant's confession was introduced in evidence which included the following: "On February 14, 1963, I came to Sinton, San Patricio County, Texas in my 1954 Pontiac. When I arrived at Sinton I went to the San Patricio Electric Co-op warehouse where I stole some copper wire, the San Patricio Electric warehouse is located near the railroad tracks and on the street that goes right through Sinton. I put the roll of copper wire in the back seat of my car and then I took the stolen wire to the Industrial Salvage Yard that is on Hi-way 44 in Corpus Christi, Texas. I sold the wire for $21.25. I did not have permission to go— the San Patricio Electric Co-op and get this wire, or nobody had sent me the San Patricio Electric Co-op to get the wire. * * * "

There was also evidence to the effect that corrosion found in the appellant's car was compared and found to be the same corrosion as that found in the storeroom.

The appellant repudiated his confession and testified that he did not steal the wire.

He testified that he signed the statement because he was under duress and that he was not warned until after he made it.

C. B. Owen testified that he told the appellant that he did not have to make any statement about the matter and that any statement he did make could and would be used in evidence against him on his trial for anything concerning which the statement was made, and that he thereafter gave him a statement which was typed by Deputy Zapata in the Sheriff's office, read over and voluntarily signed by the appellant. He denied that he threatened the appellant in any way.

Deputy Owen denied that the appellant was put in a cell with rattlesnakes or prodded with a cow prodder or struck or that anybody put a snake on him or was about to put a snake on him, as appellant claimed in his testimony.

The confession was admitted in evidence upon the testimony of Deputy Sheriff Owen and Zapata.

After the appellant testified and gave evidence to the effect that it was coerced and was not voluntary and was not given after statutory warning, no effort was made to have the confession withdrawn.

The issues as to the confession were submitted to the jury with instructions to disregard and not consider it if they found or had a reasonable doubt that the warning was not given or that it was not freely and voluntarily made or that it was induced by duress, force, threats, coercion, fear, fraud or other improper influence imposed at Refugio, on the road from Refugio to Sinton, at Sinton, or at any other place.

We see no error. Flores v. State, 171 Tex.Cr.R. 598, 352 S.W.2d 287.

Theft of copper wire of the value of over $50 being established by the evidence, appellant's identity as the person who committed the theft may rest alone upon his confession. Smith v. State, Tex. Cr.App., 361 S.W.2d 390; Morgan v. State, 170 Tex.Cr.R. 412, 341 S.W.2d 438; Smith v. State, 157 Tex.Cr.R. 21, 246 S.W.2d 187.

The prior convictions were proved as alleged and the appellant admitted that such convictions were final convictions and that he had served the sentences in the penitentiary.

In view of such admission the question as to the appellant being the defendant in the prior convictions alleged for enhancement of punishment was not submitted to the jury, and such submission was not required. Salinas v. State, Tex.Cr.App., 365 S.W.2d 362; Pullen v. State, 129 Tex.Cr. R. 23, 84 S.W.2d 723.

Each of ten formal Bills of Exception appearing in the transcript bears the endorsement of the trial judge: "On this the ——th day of February A.D. 1964, the Court, having duly considered the foregoing Bill of Exception No. —— does hereby approve said bill so far as, but only so far as, the facts asserted therein are established by the record in this case, and such bill is refused and disallowed to any extent that it asserts any fact not established by the record in this case."

Each of said formal bills also bears the notation, over the signature of appellant's counsel: "Under provisions of C.C.P. Art. 760d, amended 1959, Defendant approves reasons assigned by judge, by notation hereon and Bill now stands approved with reasons of Judge as qualifications."

As qualified, these bills show no error.

Bill No. 1 relates to the overruling of appellant's motion to quash the indictment alleging that Negroes were arbitrarily excluded from the panel from which the grand jurors that returned the indictment were chosen.

Bill No. 1 was further qualified: "With reference to the portion of such bill contending that the indictment was bad because returned by grand jurors chosen from a panel from which negroes were arbitrarily excluded, the Court hereby certifies, as an additional reason for refusing said bill, the following, viz: That no evidence was adduced by the defendant in connection with the hearing on his 'MOTION TO QUASH' the indictment showing or tending to show what the population of San Patricio County is, or what percentage of such population consists of negroes, or how many qualified voters who were negroes were residing in San Patricio County, or how many negroes, if any, in said county are qualified for Grand Jury service, or that the jury commissioners arbitrarily excluded negroes from the panel from which was chosen the grand jurors who returned the indictment herein."

No evidence having been offered in support of the allegations thereof, the motion to quash the indictment was properly overruled. Addison v. State, 160 Tex.Cr. R. 1, 271 S.W.2d 947; Bates v. State, 166 Tex.Cr.R. 177, 312 S.W.2d 675; Butcher v. State, 151 Tex.Cr.R. 458, 208 S.W.2d 899.

Bill No. 3 complains of the overruling of appellant's motion for new trial on the ground of newly discovered evidence, but the evidence heard by the court is not before us.

Bill No. 1 also complains that the indictment does not reflect the dates of the commission of the offenses for which he was previously convicted.

The conviction for felony theft was alleged to have been on the 26th day of January, 1961, prior to the commission of the theft of wire on or about February 14, 1963. The conviction for burglary was alleged to have been on the 30th day of November, 1953, and it was alleged that it was a final conviction for an offense committed prior to the commission of the of-

fenses set forth in the previous paragraphs of the indictment. This was sufficient under the rule stated in Arbuckle v. State, 132 Tex.Cr.R. 371, 105 S.W.2d 219; Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697; Armendariz v. State, 163 Tex.Cr.R. 515, 294 S.W.2d 98, each of which was reversed for failure of the state to prove the allegations as to the prior convictions; and Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598, which was reversed because the indictment was insufficient.

The remaining qualified bills have been considered and show no reversible error.

The judgment is affirmed.