**Robert A. BELL, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37655.**

Court of Criminal Appeals of Texas.

Feb. 3, 1965.

Rehearing Denied March 10, 1965.

412

Howard O. Lake, Houston, Aubrey Edwards, Big Lake, Thomas R. Scott, Fort Stockton, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery by assault with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, life.

Manager Wolfrum and Assistant Manager Ridgeway of Evans Foodway in McCamey testified that right at closing time at about 7:00 p. m. on the night in question appellant asked to be admitted to the store in order to purchase some milk and bread, but that after gaining entrance he robbed them of a sum of money in excess of one thousand dollars in bills and silver by exhibiting a gold plated pistol. Wolfrum identified the money bag containing the silver as belonging to his cash register No. 1.

Highway Patrolmen Barber and Hager testified that they were notified of the robbery, and at 7:30 p. m. on the same evening as they were preparing to set up a road block some 30 miles from McCamey, they observed a Chevrolet pass them, proceed a distance west, then turn around and start traveling east. They stated that they gave chase, clocked the Chevrolet's speed, found that it was exceeding the speed limit, stopped it and gave the appellant, its sole occupant, a speeding ticket. As they were talking to appellant they looked in the Chevrolet and saw a gold plated pistol lying on the front seat. Thereafter, they opened the doors and discovered Mr. Wolfrum's money bag full of coins and a large amount of currency lying loose on the floor board under the front seat. On the back seat they found a rifle, and two more were found in the trunk of the 1964 Chevrolet.

The prior conviction for robbery by assault was established.

Appellant did not testify but called his mother, who testified that he had been committed to a mental institution at one time and was in a severe emotional state at the time of the robbery because he had no money, his wife was expecting a baby, and he was out of a job, and expressed the opinion that when he was in one of those emotional spells he did not know the difference between right and wrong.

Sheriff Echols testified that he had known appellant since his youth and had observed him daily and conversed with him many times during the eight months he had him in jail after the robbery and prior to the trial. He stated that in his opinion appellant was normal and knew the difference between right and wrong. He based his opinion on his observation of more than 50 mentally ill people confined in his jail during his tenure in office.

Deputy Sheriff Langford testified that he had observed appellant since he had been in jail, but had noticed nothing wrong with him mentally and expressed the opinion that he knew the difference between right and wrong on the night of his arrest and thereafter.

■ The sole question properly presented for review is the court's failure to quash the indictment because it contained the allegation of the prior conviction which appellant alleges precluded him from securing a fair and impartial jury. It is essential under Article 62, Vernon's Ann.P.C., that the indictment charge the prior conviction in order for the State to prove the same.

Though not properly raised on appeal, we do observe that appellant did not elect to stipulate the prior conviction as this Court suggested in Salinas v. State, Tex.Cr. App., 365 S.W.2d 362; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864; Ex Parte Reyes, Tex.Cr.App., 383 S.W.2d 804, and McDonald v. State, Tex.Cr.App., 385 S.W. 2d 253 (1964).

■ Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.