**Eddie Lee BALLARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42009.**

Court of Criminal Appeals of Texas.

April 9, 1969.

Tom F. Reese, Jr., Garland, court-appointed on appeal, for appellant.

Henry Wade, Dist. Atty., Thomas B. Thorpe, William Tucker, Malcolm Dade, Kerry P. FitzGerald, and Jim Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for felony theft with two prior convictions alleged for enhancement; the punishment, life.

This is an out-of-time appeal.

The evidence reveals that a Ford automobile of the value of more than fifty dollars was stolen from Jim Johnson after 10 p. m., on June 16, 1959. Johnson had parked his automobile in the 2400 block of Wells Street. The appellant lived in the general vicinity of 2400 Wells Street. The appellant was arrested when he was observed driving the stolen automobile about 4 a. m., on June 17, 1959. No other person was in the automobile at the time of the arrest.

Testifying in his own behalf, the appellant stated that he began riding in the car at the invitation of the driver; that he soon went to sleep and when he awoke he was alone in the car which was parked, and then while driving the car to his home he was stopped by the police; and that he did not steal the car and did not know it was stolen.

The jury resolved the issues of fact against the appellant, and the evidence is sufficient to support the conviction.

The appellant contends that the verdict of the jury was not responsive to the charge of the court or the allegations in the indictment and is therefore a nullity and cannot support the judgment and sentence entered by the court.

The indictment charges the appellant with the primary offense of felony theft. The second paragraph alleges a prior conviction for Attempt to Commit Burglary, and the third paragraph alleges a prior conviction for Burglary. No other prior convictions were alleged in the indictment. The court's charge properly traces the allegations of the indictment.

The jury in its verdict found the appellant guilty of the primary offense of felony theft. It further found that the allegations in paragraphs Nos. 2 and 3 charging final convictions for "Theft of Corporeal Personal Property of the value of $50.00 or over * * * are true." Such findings do not follow the allegations of the indict-

**926**

ment or the court's charge which allege and charge that the prior convictions were for attempt to commit burglary and burglary.

 While it is true that the verdict in a criminal case must be responsive to the offense charged in the indictment, this rule does not call for a reversal in this particular case. The appellant, in this case, by taking the witness stand and admitting the truth of the prior convictions alleged in the indictment, removed the issue of the prior convictions from the province of the jury. Where the accused stipulates the truth of the prior convictions, that issue is resolved and only the question of guilt or innocence of the primary offense remains. Salinas v. State, Tex.Cr.App., 365 S.W.2d 362; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864. In cases where the alleged prior convictions are admitted by the accused, the issue need not be submitted to the jury. Pullen v. State, 129 Tex.Cr.R. 23, 84 S.W.2d 723; Salinas v. State, supra.

Since it was unnecessary for the jury to reach a verdict on any issue other than the guilt or innocence as to the primary offense, the error in the verdict pertaining only to the prior convictions does not call for a reversal of this cause. Mc-Donald v. State, Tex.Cr.App., 379 S.W.2d 349; McDonald v. State, Tex.Cr.App., 385 S.W.2d 253; Gamez v. State, Tex.Cr.App., 403 S.W.2d 418. This ground of error is overruled.

The appellant's next ground of error complains that the "evidence failed to establish that a second prior conviction of appellant for attempt to commit burglary was for an offense committed subsequent to a first prior conviction of appellant for burglary."

The record reveals that the first prior conviction became final on December 7, 1954. The evidence further reveals that the appellant was convicted for attempt to commit burglary on October 1, 1957. The commission of this offense was alleged to have occurred on or about August 28, 1957. The appellant, while testifying in his own behalf, admitted that he was caught in the act while attempting a burglary on August 28, 1957, and that he was convicted for this offense.

Appellant's ground of error is overruled.

The judgment is affirmed.