Mae Pearl Gardner PRICE, Appellant,

v.

The STATE of Texas, Appellee.

James Melvin McCLAIN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46113 and 46114.

Court of Criminal Appeals of Texas.

April 25, 1973.

ville. Their movements in the store indicated a planned effort to divert the attention of Mr. Swindle and his clerks from certain counters in the store. Just before the trio left the store, one of the clerks observed that some rings and watches had been taken. She followed them to their car in which they speedily left the scene. They were apprehended a short time later by the Erath County Sheriff on the Fort Worth highway.

Upon a search of the appellant Price at the courthouse, five rings and one watch were recovered. The other merchandise taken was never recovered.

■ Appellant contends that the indictment having alleged an aggregate value of over $50.00 for six different items, not of uniform value, there must be proof of each item alleged. He relies upon Pitcock v. State, 367 S.W.2d 864 (Tex.Cr.App.1963).

In Pena v. State, 422 S.W.2d 937 (Tex. Cr.App.1968), this court wrote:

> "The indictment alleged the aggregate value of the items taken was over $50.00 without alleging the specific price of each. As the indictment was drawn, the State was bound to prove that all of the property described in the indictment was in fact stolen, the items not being of uniform value. Anderson v. State, 166 Tex.Cr.R. 337, 314 S.W.2d 603; Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864. . . ."

The appellants do not contend, as we understand it, that the State failed to prove that the five rings and one watch were not stolen, but only failed to prove the value of the watch in question.

Grady Swindle testified the five rings and one watch that were recovered had been taken from his store without his permission. He related that one of the rings, an engagement ring, had a retail value of $175.00; that three gentlemen's rings taken had values of $200.00, $80.00, and $250.00, respectively; that the last of the rings was

· David F. Farris (on appeal only), Fort Worth, for appellants.

Sam Cleveland, Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appellants were jointly tried and convicted of felony theft and each assessed a punishment of ten (10) years.

The indictments charged that the appellants had unlawfully taken "five (5) rings and one (1) watch, all of the aggregate value of over fifty ($50.00) dollars" from one Grady Swindle.

The appellants challenge the sufficiency of the evidence to sustain their convictions.

The records reflect that on June 15, 1971 the appellants Price and McClain, along with Brenda Moore, entered the jewelry store owned by Grady Swindle in Stephen-

worth $65.00 to $75.00. He related that a Bulova Accutron watch was stolen, but he was not asked to place a value on it. Later, however, he testified that another Bulova Accutron watch had been taken at the same time and was never recovered, and that such watches had a retail value of $250.00 each.

We conclude that the evidence was sufficient to support the allegations in the indictment and sustain the convictions. We reject appellants' claim that the rule discussed in *Pitcock* and *Pena* is here applicable. The proof showed that each item alleged was, in fact, stolen and, further, the evidence reflected each of the items individually had a value of over $50.00, which was certainly sufficient to sustain the allegation of an aggregate value of over $50.00. Even if it can be argued that the proof failed to show the value of the watch taken and recovered (assuming that it was the one referred to in the indictment's allegation), the evidence was sufficient to show that the aggregate value of all items alleged and shown to have been stolen was in excess of $50.00.

The judgments are affirmed.