Jessie Giles ROPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 53420.

Court of Criminal Appeals of Texas.

Dec. 7, 1977.

The sufficiency of the evidence is not challenged. An apartment was burglarized and a television and jewelry and papers were taken. A black notebook was found in the apartment. A telephone number in front of the notebook was that of appellant's mother. Handwriting experts established that the writing on the first two pages of the notebook matched the handwriting exemplar of appellant. The wife of appellant's cousin testified that appellant and his wife brought a television set to her house. He told her it was stolen and left it there so he could pawn it the next day. Appellant testified that the notebook found in the apartment belonged to him but an old acquaintance must have taken it from the glove compartment of his car and had framed him. Appellant testified that he had been a good thief and that he would not have had any identification on him when he entered into the apartment; that he had been in the penitentiary many times for different crimes. On cross-examination he testified that he was the person who had been convicted for the crimes alleged for enhancement purposes and that the first conviction was final before the offense for the second conviction was committed. He admitted that he had been convicted in four cases for burglary and four cases of felony theft.

Appellant contends that the court erred at the punishment phase of the trial in overruling his objection to the court's charge. The court instructed the jury to find that if appellant, prior to the commission of the offense of burglary, had two times daily and legally been convicted for a felony less than capital as charged in the indictment to sign the first form of verdict or if the jury did not believe from the evidence that he had not so been previously convicted to sign the second form of the verdict.

The objection to the charge was that the prior convictions were not properly proved and that the court did not charge on a term of years in the event the jury failed to find the defendant is the same person who had twice before been convicted. Under the former code of criminal procedure where a

W. B. "Bennie" House, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and H. E. Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

Roper was convicted of the offense of burglary with intent to commit theft. Two prior convictions were alleged for enhancement under the former code, Article 63, V.A.P.C. His punishment was assessed at life.

defendant admitted the prior conviction the court did not have to charge the jury on the matter. *Ex parte Reyes,* 383 S.W.2d 804 (Tex.Cr.App.1964); *Salinas v. State,* 365 S.W.2d 362 (Tex.Cr.App.1963). See *Pitcock v. State,* 367 S.W.2d 864 (Tex.Cr.App.1963). Under the present penal code, Section 12.-42(d), the punishment where two prior convictions have been shown is life as it was under Article 63 of the former penal code.

■ The punishment was absolutely assessed by law because appellant admitted his two prior felony convictions and the jury found him guilty of the present offense. The court was under no obligation to instruct the jury concerning the prior convictions.

In *Schultz v. State,* 510 S.W.2d 940 (Tex.Cr.App.1974), the refusal to require the jury to assess punishment did not constitute error where the defendant had been prior to the commission of the charged offense two times duly and legally convicted of a felony. In *Rummel v. State,* 509 S.W.2d 630 (Tex.Cr.App.1974), it was contended that the court erred in withdrawing the question of punishment from the jury and submit its only charge as to the prior felony convictions. The Court held that once the jury returned a verdict of true as to the prior convictions there was no necessity for the jury to assess punishment because it was automatically fixed by law. See *Longoria v. State,* 507 S.W.2d 753 (Tex.Cr.App.1974); *Schultz v. State,* supra; and *Lopez v. State,* 464 S.W.2d 882 (Tex.Cr.App.1971). In *Handy v. State,* 160 Tex.Cr.R. 258, 268 S.W.2d 182 (1954), this Court held that it was not reversible error to require the jury to find the defendant guilty of the primary offense and to find that he had been convicted of the prior offense or to find him not guilty without permitting it to return a verdict for a number of years. See *Punchard v. State,* 142 Tex.Cr.R. 531, 154 S.W.2d 648 (1941), and *Moreno v. State,* 541 S.W.2d 170 (Tex.Cr.App.1976). The reasoning in the above cases still applies.

■ Next, appellant contends that the court erred in submitting the prison records to the jury at the guilt-innocence stage of the trial. The record does reflect that the jury requested the records and received them but it does not show when this was done. Appellant admitted these prior convictions at the guilt-innocence stage of the trial. On direct examination he had gone into the matter of his prior convictions. After this the State was entitled to show the entire transaction concerning each conviction.

Appellant complains that he was denied a motion for continuance and did not have time to prepare his defense and had ineffective assistance of counsel. A letter was written by appellant to the court about a continuance. The court asked appellant if he had desired further hearing on the matter. Appellant stated that he wanted a postponement until he could get his witnesses. During this hearing his counsel advised him that he would issue subpoenas for any people that the appellant requested as witnesses and the State agreed to allow the defendant to put on their evidence the following day. The record does not show what was done in regard to obtaining witnesses.

■ There is no motion for new trial showing what the alleged witnesses would testify to. Nothing is preserved for review.

The record does reflect that the wife of appellant was called to testify outside the presence of the jury. She exercised her right not to do so under the Fifth Amendment of the Constitution of the United States. The counsel for appellant stated that his wife was the only one that might be acquainted with any of the matters in the case.

■ There is no showing that the court erred in proceeding with the trial. The State offered to put on its evidence and give appellant time to obtain witnesses. The one witness who was present, his wife, took the Fifth Amendment. No inadequate representation of counsel is shown.

The judgment is affirmed.