Otha C. **WASHINGTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 866–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1984.

**526**

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Fred Reynolds, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

In an opinion authored by Justice Kennedy of the Corpus Christi Court of Appeals, after holding that the trial judge committed reversible error when he withdrew from the jury the question concerning appellant's prior convictions which had been alleged for enhancement of punishment purposes, that court ordered the conviction of Otha C. Washington, appellant, reversed. See *Washington v. State*, 654 S.W.2d 10 (Tex.Cr.App.1982). We granted the State's petition for discretionary review to make the determination whether the court of appeals correctly decided the issue. We find it did and affirm its judgment.

■ The record reflects that appellant was indicted for the primary offense of delivering phenmetrazine, a controlled substance, to W.T. Reeves, a Houston police officer assigned to the narcotics division. Two prior sequential felony convictions were also alleged in the indictment in order to enhance the punishment to automatic life imprisonment. See V.T.C.A., Penal Code, Section 12.42(d), prior to amendment. At the time appellant was tried and convicted, the law of this State provided that if the State alleged in an indictment two prior felony convictions, in order to enhance the punishment to automatic life imprisonment pursuant to Section 12.42(d), supra, it had the burden of proof to establish that each conviction was final and also had to prove that the second previous felony conviction was for an offense that occurred subsequent to the first previous felony conviction having become final. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Cr.App.1981). If it was determined on appeal that the State had failed in its proof, and the jury had made the determination that the State had proved what it had alleged, the defendant was then entitled to receive a new trial on both guilt-innocence as well as punishment, and at any retrial the second felony conviction alleged for enhancement could not be used by the State for any purpose. *Porier v. State*, 662 S.W.2d 602 (Tex.Cr.App.1984); *Ex parte Augusta*, 639 S.W.2d 481 (Tex.Cr.App.1982); *Cooper v. State*, 631 S.W.2d 508 (Tex.Cr.App.1982). The non-use was mandated because the double jeopardy clause of the Federal Constitution applies to the sentencing stage of a criminal trial, *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), as well as the guilt stage of the trial, *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437

U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Also see *Bullard v. Estelle,* 708 F.2d 1020 (5th Cir.1983).

■ Of course, no separate offense known as "Habitual Felony Offender" existed, and Section 12.42(d), supra, did not create an offense, inflict additional punishment for the prior offense, or authorize a conviction on the habitual criminal charge. The statute merely classified and caused a more severe punishment to be assessed because of the offender's persistence in crime. *Porier v. State,* 591 S.W.2d 482, 484 (Tex.Cr.App.1979).

In this instance, appellant pled not guilty to the primary offense and filed a timely election to have the jury assess the punishment in the event he was found guilty. The jury found appellant guilty, immediately after which the trial judge discharged the jury, because he found that as a result of appellant admitting to the truth of the enhancement allegations when he testified at the guilt stage of the trial, there was no issue for the jury to resolve; "[T]here is no fact issue now and I am going to take the matter away from the jury." The court of appeals held the trial judge erred. It concluded that in spite of the admissions of the appellant at the guilt stage of the trial, he still had the right to have the jury decide the issue of fact regarding the enhancement allegations. Its decision was based upon the fact that the trial judge's action deprived appellant of a substantial and valuable statutory right, namely, the right to have the jury make the determination whether he should be classified and punished as an habitual criminal. We agree with the court's holding.

■ We pause to point out that appellant never entered a plea of true or guilty to the enhancement allegations, nor did he stipulate with the prosecuting attorney after he was found guilty to the truth of the alleged prior felony convictions. Had either of these events occurred, under this Court's past decisions, the trial judge would have acted properly. *Harvey v. State,* supra; *Zaragosa v. State,* 516 S.W.2d 685 (Tex.Cr.App.1974); *Ballard v. State,* 438 S.W.2d 924 (Tex.Cr.App.1969); *Pitcock v. State,* 367 S.W.2d 864 (Tex.Cr. App.1963). We also point out that where an accused is convicted of a capital felony at the guilt stage of the trial, and it is undisputed that he was under 17 years of age at the time of the commission of the offense, a trial judge does not err in excusing the jury at the penalty stage of the trial and assessing the punishment at life imprisonment since that is the only punishment that can be assessed. *Allen v. State,* 552 S.W.2d 843, 846 (Tex.Cr.App.1977).

■ Although it is true that an accused has no constitutional right to have a jury assess punishment, see *Allen v. State,* supra, and the list of citations on page 847, nevertheless, an accused person in Texas does have the statutory right to have the jury assess his punishment or, in the instance when Section 12.42(d), supra, prior to amendment, had been invoked and applied to a cause, to have the jury make the determination whether he should be classified and punished as an habitual felony offender. See Art. 37.07, Sections 1(b) and 2(b)(2), V.A.C.C.P. In this instance, appellant timely elected to have the jury make the determination whether he should be classified as an habitual felony offender. *In Ex parte Augusta,* supra, this Court stated the following: "By virtue of the clear terms of Sec. 12.42(d), supra, (prior to amendment), a jury that sits at the punishment stage of a trial of a defendant sought to be classified and punished by the State as an habitual offender is not just meting out just deserts to that defendant, but actually is sitting as a trier of facts, the resolution of which may or may not result in the automatic assessment of the defendant's punishment at life imprisonment." (484).

The issue, however, that we must decide is when a defendant testifies at the guilt stage of the trial, and admits when testifying to the enhancement allegations of the charging instrument, does this eliminate the necessity of the jury making a fact determination regarding the enhancement allegations, i.e., did appellant's admissions in this instance remove the issue of the

prior convictions from the province of the jury? To put it another way: "Did appellant's admissions at the guilt stage of the trial cause the punishment to be absolutely fixed by law to some particular penalty, namely, confinement in the penitentiary for life?"

We find that this Court has in the past answered the above questions adversely to what the court of appeals held in this cause. See, for example, *Pullen v. State*, 84 S.W.2d 723 (Tex.Cr.App.1935), upon which the Court in *Salinas v. State*, 365 S.W.2d 362 (Tex.Cr.App.1963), relied as its sole authority. In both *Pullen* and *Salinas*, this Court held that when a defendant admits to the prior felony convictions, the trial court does not have to charge the jury on the matter. Also see *Ex parte Reyes*, 383 S.W.2d 804 (Tex.Cr.App.1964).

Recently, see *Ballard v. State*, 438 S.W.2d 924 (Tex.Cr.App.1969), this Court, without taking into consideration the fact that *Pullen* and *Salinas* were cases decided under the former unitary trial procedure that Texas then had, whereas the conviction in *Ballard* occurred after the 1965 Code of Criminal Procedure became effective, which Code provides for a bifurcated trial, held that in cases where the alleged prior felony convictions are admitted by the accused, the issue need not be submitted to the jury. In *Roper v. State*, 558 S.W.2d 482, 484 (Tex.Cr.App.1977), although this Court did acknowledge the change from the unitary trial procedure to the bifurcated trial procedure, in light of the issue that was before the court, it unnecessarily put in the opinion language taken from the likes of *Pullen, Salinas, Reyes*. The real flaw in *Roper* lies in the fact that it failed to consider the changes the Legislature had mandated when it enacted Art. 36.01, V.A.C.C.P.

In *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 554, 17 L.Ed.2d 606 (1967), the Supreme Court overruled a challenge to the unitary trial procedure that was then in effect when the provisions of Art. 63, V.A.P.C. (1925), the precursor to Section 12.-42(d), supra, prior to the latter's recent amendment, existed. However, the Supreme Court made the following observation in footnote 3 of its opinion: "Subsequent to the present convictions Texas has passed a new law respecting the procedure governing recidivist cases, the effect of which seems to be that except in capital cases the jury is not given the recidivist issue until it has first found the defendant guilty under the principal charge. Texas Code Crim. Proc. Art. 36.01, effective January 1, 1966." Also see Art. 37.07, § 1(b), supra, which provides that the jury "shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."

Prior to Section 12.42(d), supra, being amended by the Legislature, if the defendant elected to have the jury assess the punishment, and the jury made the determination that the defendant was an habitual offender, the punishment was to be mandatorily assessed at life imprisonment. The Supreme Court of the United States held in *Rummell v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), that the precursor to Section 12.42(d), which was Art. 63, V.A.P.C. (1925), was not invalid on the ground that it provided for cruel and unusual punishment. Also see *Solem v. Helm*, 463 U.S. ——, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). However, the Legislature of this State, effective September 1, 1983, amended Section 12.42(d), supra, to provide for a range of punishment to be assessed one classified as an habitual offender. Up until the amendment became effective, when a defendant elected to have the jury assess his punishment, the function of the jury when dealing with an habitual offender case was actually not to assess punishment, but, instead, was to make the determination whether the defendant was an habitual offender. Once that determination was made, the punishment was "absolutely fixed by law" at life imprisonment. However, it was the defendant's election as to whether the determination would be made by the jury or the trial judge. In this instance, appellant timely elected to have the jury make the determination whether he was an habitual crimi-

nal, but the trial judge thwarted his election by withdrawing the case from the jury before it had made the determination whether appellant was an habitual offender.

 At the time of appellant's trial, when a defendant chose to have the jury make the determination whether he was an habitual criminal, a question of fact existed as to the truth or untruth of the allegations pertaining to the prior felony convictions alleged in a habitual offender charging instrument. *Tinney v. State*, 578 S.W.2d 137, 138–39 (Tex.Cr.App.1979). Thus, in this instance, even though appellant admitted when he testified to the alleged prior felony convictions, nevertheless, a question of fact still existed that, because of his election, was to be answered by the jury, and not the trial judge. We agree with the court of appeals' analogy that a defendant who admits the enhancement allegations when he testifies is in a position similar to one who pleads not guilty to an alleged offense but nevertheless testifies and admits his guilt. In the latter situation, the admission by the defendant does not warrant the trial judge taking the case from the jury, because the jury is still charged with the responsibility of determining guilt. In the former, the jury is charged with the responsibility of making the determination whether the defendant is an habitual criminal. The court of appeals was correct in holding that "In dismissing the jury prematurely, the trial court deprived appellant of a valuable statutory right." To the extent that *Roper v. State*, supra, *Ballard v. State*, supra, *Salinas v. State*, supra, and any other cases of this Court which have subscribed to the holdings in those cases, conflicts with what we state today, they are expressly overruled.

The judgment of the court of appeals is affirmed.

McCORMICK and CAMPBELL, JJ., concur.