COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-420-CR

 

 

ERNEST BENTON CORDELL                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted Appellant Ernest Benton Cordell
of theft of property under $1,500, enhanced by two prior theft offenses.  Upon his plea of true to the enhancement
paragraphs, which enhanced the offense to a second‑degree felony, the
jury assessed Appellant=s punishment at twenty years=
confinement and a fine of $10,000. The trial court sentenced him accordingly.








In two points, Appellant contends that he had
ineffective assistance at trial and that the evidence is factually insufficient
to support his conviction.  Because the
evidence is factually sufficient to support Appellant=s
conviction and because he failed to sustain his burden regarding his claim of
ineffective assistance of counsel, we affirm the trial court=s
judgment.

In his first point, Appellant argues that trial
counsel failed to provide effective assistance of counsel when he argued to the
jury that he did not believe that Appellant was innocent and argued that
Appellant was a two‑bit criminal. 
To prove ineffective assistance of counsel, an appellant must satisfy
both prongs of Strickland.[2]  That is, he must demonstrate that his counsel=s
representation fell below an objective standard of reasonableness based on
prevailing professional norms, and that, but for counsel=s
errors, there is a reasonable probability he would not have been convicted.[3]








Rarely will a claim of ineffective assistance of
counsel succeed without a showing in the recordCduring
the trial, during a hearing on a motion for new trial, or in a habeas
proceedingCallowing counsel to explain
whether his actions or the absence of action is part of his trial
strategy.  There is a strong presumption
that trial counsel=s actions were part of a sound
trial strategy.[4]  A record that is silent as to trial counsel=s
actions does not rebut the presumption.[5]  Unless trial counsel=s
actions constitute, on their face, ineffective assistance, if there is no
evidence in the record rebutting the presumption of effectiveness, a reviewing
court must consider how a trial counsel=s
actions fit within the bounds of professional norms.[6]

As we read the record, it is clear that trial
counsel was arguing that the jurors could find Appellant an unlikeable person,
and not an innocent person in matters of daily life, but that the fact that
they did not like Appellant and did not think he was possessed of childlike
innocence was not sufficient to find him guilty of theft beyond a reasonable
doubt.  Counsel was explaining the
difference between Apure‑driven‑snow@
innocence and the legal concept of not guilty.








Appellant argues that trial counsel=s use of
the phrases Atwo‑bit criminal@ and Anot
innocent@
undermined the presumption of innocence, but the record reveals trial counsel=s
apparent trial strategy.  He explained
that by Atwo‑bit
criminal@ he
meant that authorities knew of Appellant=s two
previous theft convictions and rushed to prosecute him.  That is, trial counsel argued that because
they were aware of Appellant=s
criminal record, which the jury was also aware of, the authorities assumed his
guilt from the beginning and did not afford him the normal protections a
citizen less well known to them would have received.  Based on the record before us, we cannot say
that trial counsel=s strategy fell below the norm
of professional competence.  The fact
that a trial strategy does not work does not mean that trial counsel was
ineffective.[7]  Because Appellant has failed to sustain his
burden of proving ineffective assistance of counsel by a preponderance of the
evidence,[8]
we overrule his first point.

In his second point, Appellant argues that the
evidence is factually insufficient to sustain a verdict of guilt because there
is insufficient evidence that he exercised control over the property without
the owner's consent and because no value of the 
property alleged to have been stolen was established.  To prove theft, the State must prove that a
person actually exercised control over the stolen property.[9]








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.[10]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.[11]  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.[12]








The evidence showed that Appellant purchased two
Dyson vacuum cleaners at the Granbury Wal-Mart pharmacy counter, left the store
through the automotive department, re‑entered the store through the
general merchandise doors with an empty shopping cart, and exited the grocery
doors with two additional Dyson vacuum cleaners that he had not paid for.  One vacuum was identical to the two vacuum
cleaners he had purchased.  The other was
similar, the cost slightly more. 
Appellant placed all the vacuum cleaners in his car and left the parking
lot.  Later, Appellant returned the two
vacuum cleaners he had purchased to another Wal‑Mart store and exchanged
the two stolen vacuum cleaners at the Granbury store for a television and a DVD
recorder.  The store representative
testified that one of the stolen vacuum cleaners cost $378.42.  Although he did not testify to the exact
value of the second stolen vacuum cleaner, he did testify that it cost more
than the $378.42 vacuum cleaner.








Appellant stipulated to his two prior theft
convictions.  Therefore, with regard to
the value element, the State was required to prove only that the value of the
merchandise stolen was less than $1,500.[13]  In Price v. State,[14]
the Texas Court of Criminal Appeals faced a similar set of facts.  Price was charged with stealing property from
a jewelry store with an aggregate value of over $50.[15]  The owner did not testify to the precise
value of two of the pieces of property Price stole, although he stated their
approximate value.[16]  The court held that the evidence proved the
items were stolen and that the value of each of the items was more than $50.[17]  The Price court concluded that the
evidence was Acertainly sufficient to sustain
the allegation of an aggregate value of over $50.@[18]

Similarly, here the State was required to prove
that the stolen property had only some value under $1500, not its exact value.[19]  As in Price, the evidence here  shows that Appellant exercised control over
two Dyson vacuum cleaners that he did not pay for but that he took out of the
store, and it also shows that the aggregate value of the vacuum cleaners was
some value under $1500 but more than $756.84, based on the testimony that one
of the stolen vacuum cleaners cost $378.42 and that the other vacuum cleaner
cost more.  We hold that the evidence is
factually sufficient to support Appellant=s
conviction.  We overrule his second
point.

Having overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 1, 2009











[1]See Tex. R. App. P. 47.4.





[2]Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984).





[3]Id. at 694, 104 S. Ct. at
2068.





[4]Mata v. State, 226 S.W.3d 425, 431
(Tex. Crim. App. 2007).





[5]Id.





[6]Id.





[7]State v. Balderas, 915 S.W.2d 913, 919
(Tex. App.CHouston [1st Dist.] 1996,
pet. ref=d).





[8]See Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).





[9]Tex. Penal Code Ann. '' 31.01(4)(B), 31.03
(Vernon 2003).





[10]Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 1037 (2009); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).





[11]Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.





[12]Watson, 204 S.W.3d at 417.





[13]Tex. Penal Code Ann. '  31.03(e)(4)(D).





[14]493 S.W.2d 528, 530 (Tex.
Crim. App. 1973).





[15]Id. at 529.





[16]Id. at 529B30.





[17]Id. at 530.





[18]Id.





[19]See Tex. Penal Code Ann. ' 31.03(e)(4)(D).