

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-420-CR

ERNEST BENTON CORDELL                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Ernest Benton Cordell of theft of property under $1,500, enhanced by two prior theft offenses. Upon his plea of true to the enhancement paragraphs, which enhanced the offense to a second-degree felony, the jury assessed Appellant's punishment at twenty years' confinement and a fine of $10,000. The trial court sentenced him accordingly.

---

[1] *See* Tex. R. App. P. 47.4.

In two points, Appellant contends that he had ineffective assistance at trial and that the evidence is factually insufficient to support his conviction. Because the evidence is factually sufficient to support Appellant's conviction and because he failed to sustain his burden regarding his claim of ineffective assistance of counsel, we affirm the trial court's judgment.

In his first point, Appellant argues that trial counsel failed to provide effective assistance of counsel when he argued to the jury that he did not believe that Appellant was innocent and argued that Appellant was a two-bit criminal. To prove ineffective assistance of counsel, an appellant must satisfy both prongs of *Strickland*.[2] That is, he must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and that, but for counsel's errors, there is a reasonable probability he would not have been convicted.[3]

Rarely will a claim of ineffective assistance of counsel succeed without a showing in the record—during the trial, during a hearing on a motion for new trial, or in a habeas proceeding—allowing counsel to explain whether his actions or the absence of action is part of his trial strategy. There is a strong

---

[2]... *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

[3]... *Id.* at 694, 104 S. Ct. at 2068.

presumption that trial counsel's actions were part of a sound trial strategy.[4] A record that is silent as to trial counsel's actions does not rebut the presumption.[5] Unless trial counsel's actions constitute, on their face, ineffective assistance, if there is no evidence in the record rebutting the presumption of effectiveness, a reviewing court must consider how a trial counsel's actions fit within the bounds of professional norms.[6]

As we read the record, it is clear that trial counsel was arguing that the jurors could find Appellant an unlikeable person, and not an innocent person in matters of daily life, but that the fact that they did not like Appellant and did not think he was possessed of childlike innocence was not sufficient to find him guilty of theft beyond a reasonable doubt. Counsel was explaining the difference between "pure-driven-snow" innocence and the legal concept of not guilty.

Appellant argues that trial counsel's use of the phrases "two-bit criminal" and "not innocent" undermined the presumption of innocence, but the record reveals trial counsel's apparent trial strategy. He explained that by "two-bit criminal" he meant that authorities knew of Appellant's two previous theft

---

[4] *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).

[5] *Id.*

[6] *Id.*

3

convictions and rushed to prosecute him. That is, trial counsel argued that because they were aware of Appellant's criminal record, which the jury was also aware of, the authorities assumed his guilt from the beginning and did not afford him the normal protections a citizen less well known to them would have received. Based on the record before us, we cannot say that trial counsel's strategy fell below the norm of professional competence. The fact that a trial strategy does not work does not mean that trial counsel was ineffective.[7] Because Appellant has failed to sustain his burden of proving ineffective assistance of counsel by a preponderance of the evidence,[8] we overrule his first point.

In his second point, Appellant argues that the evidence is factually insufficient to sustain a verdict of guilt because there is insufficient evidence that he exercised control over the property without the owner's consent and because no value of the property alleged to have been stolen was established. To prove theft, the State must prove that a person actually exercised control over the stolen property.[9]

---

[7]... *State v. Balderas*, 915 S.W.2d 913, 919 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

[8]... *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[9]... Tex. Penal Code Ann. §§ 31.01(4)(B), 31.03 (Vernon 2003).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.[10] We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust.[11] To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.[12]

The evidence showed that Appellant purchased two Dyson vacuum cleaners at the Granbury Wal-Mart pharmacy counter, left the store through the automotive department, re-entered the store through the general merchandise doors with an empty shopping cart, and exited the grocery doors with two additional Dyson vacuum cleaners that he had not paid for. One vacuum was identical to the two vacuum cleaners he had purchased. The other was similar,

---

[10]... *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).

[11]... *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.

[12]... *Watson*, 204 S.W.3d at 417.

the cost slightly more. Appellant placed all the vacuum cleaners in his car and left the parking lot. Later, Appellant returned the two vacuum cleaners he had purchased to another Wal-Mart store and exchanged the two stolen vacuum cleaners at the Granbury store for a television and a DVD recorder. The store representative testified that one of the stolen vacuum cleaners cost $378.42. Although he did not testify to the exact value of the second stolen vacuum cleaner, he did testify that it cost more than the $378.42 vacuum cleaner.

Appellant stipulated to his two prior theft convictions. Therefore, with regard to the value element, the State was required to prove only that the value of the merchandise stolen was less than $1,500.[13] In *Price v. State*,[14] the Texas Court of Criminal Appeals faced a similar set of facts. Price was charged with stealing property from a jewelry store with an aggregate value of over $50.[15] The owner did not testify to the precise value of two of the pieces of property Price stole, although he stated their approximate value.[16] The court held that the evidence proved the items were stolen and that the value of each

---

[13] Tex. Penal Code Ann. § 31.03(e)(4)(D).

[14] 493 S.W.2d 528, 530 (Tex. Crim. App. 1973).

[15] *Id.* at 529.

[16] *Id.* at 529–30.

of the items was more than $50.[17] The *Price* court concluded that the evidence was "certainly sufficient to sustain the allegation of an aggregate value of over $50."[18]

Similarly, here the State was required to prove that the stolen property had only some value under $1500, not its exact value.[19] As in *Price*, the evidence here shows that Appellant exercised control over two Dyson vacuum cleaners that he did not pay for but that he took out of the store, and it also shows that the aggregate value of the vacuum cleaners was some value under $1500 but more than $756.84, based on the testimony that one of the stolen vacuum cleaners cost $378.42 and that the other vacuum cleaner cost more. We hold that the evidence is factually sufficient to support Appellant's conviction. We overrule his second point.

Having overruled both of Appellant's points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 1, 2009

---

[17] *Id.* at 530.

[18] *Id.*

[19] *See* Tex. Penal Code Ann. § 31.03(e)(4)(D).

7