Albert ZARAGOSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 48999.

Court of Criminal Appeals of Texas.

Dec. 18, 1974.

Frank D. Johnson, San Antonio, for appellant.

Ted Butler, Dist. Atty., Dick Ryman and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of theft from the person. A prior conviction was alleged for enhancement purposes. Punishment was assessed by the court at seven years.

Graciela Reyes testified that on the 17th of May, 1973, she was walking down Guadalupe Street in San Antonio when she felt someone pull her purse and break her shoulder strap. She looked and saw the appellant take her purse and run. A neighbor threw a trash can lid at him but he kept running. She got a neighbor who got her car and several women followed. She saw the appellant standing in the middle of a street that was being repaired and looking in this purse. He took something out of it and then threw the purse in the trash can. He started running again. When she retrieved her purse, some $17 in bills and some change was missing. A description was given to officers and appellant was arrested a short time later. He had approximately $15 on his person.

The sufficiency of the evidence is not challenged.

Appellant complains that the trial court erred in assessing the punishment. The indictment alleged theft from the person and that the appellant had been convicted of a like offense for robbery by assault. After the jury returned the verdict of guilty, appellant entered a plea of "true" to the allegations concerning the prior conviction. The court dismissed the jury and assessed the punishment at a maximum under the theft from the person statute then in effect at seven years.

Article 37.07, Sections 1(a) and 1(b), Vernon's Ann.C.C.P., as amended by the Acts of the Legislature, 1973, provide:

"1(a). The verdict in every criminal action must be general. When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue.

"1(b). If the plea is not guilty, they must find that the defendant is

**686**

either guilty or not guilty, and, except as provided in Section 2, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."

Section 2(b) of Article 37.07 provides:

"2(b). Except as provided in Article 37.071, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment."

In Longoria v. State, 507 S.W.2d 753 (Tex.Cr.App.1974), the same contention was made and overruled. The Court noted that Section 1 provides that, except as provided in Section 2, the jury shall assess the punishment in all cases "where the same is not absolutely fixed by law to some particular penalty."

The penalty of seven years was mandatory. The court did not err in assessing the punishment.

In Salinas v. State, 365 S.W.2d 362 (Tex.Cr.App.1963), the accused in open court had admitted that he had twice been previously convicted for the offense alleged. This Court held that under Article 693, V.A.C.C.P., then in effect, that life imprisonment was mandatory and the court did not err in assessing punishment.

In Pitcock v. State, 367 S.W.2d 864 (Tex.Cr.App.1963), a prior conviction was stipulated. The Court wrote:

"The jury has no choice in imposing punishment if it finds the appellant guilty and that he has been previously convicted. Thus if accused stipulates the prior conviction, that issue is resolved."

Cf. Jones v. State, 416 S.W.2d 412 (Tex. Cr.App.1967), and Williams v. State, 415 S.W.2d 917 (Tex.Cr.App.1967), where previous statutes are discussed.

The judgment is affirmed.