**Carlton LYNCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0624–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 6, 1982.

Discretionary Review Granted Sept. 15, 1982.

Stanley Kirk, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

## OPINION

DYESS, Justice.

This is an appeal from a conviction of unauthorized use of a motor vehicle where the appellant was indicted for the theft of a motor vehicle as well as for unauthorized use of a motor vehicle. While on the stand, the appellant admitted that he had been convicted on two prior occasions and sent to the penitentiary for the two crimes alleged in the indictment for enhancement. With this admission before him, the trial judge dismissed the jury and assessed punishment himself, despite the appellant's request that the jury assess the punishment.

A brief factual background includes the following:

The appellant's version includes his denial of having stolen the van in question or having knowledge that the van was stolen when he drove it. According to the appellant, he borrowed the van from an acquaintance with whom he played basketball; it was his intention to use the van just long enough to pick up his motorcycle at a repair shop. In fact, the appellant claims that he was returning from such shop when he was stopped by the police.

The State's case included evidence tending to show that the appellant stole the van on October 15th, that he had a wreck while driving the van on October 16th, that he was finally apprehended on November 1st. A woman, the driver of the adverse vehicle in the wreck, was positive in her identification of the appellant as the driver of the van. She testified that they talked at the scene for at least thirty minutes.

By his first ground of error, the appellant claims that no evidence was presented at the trial to prove that the van was a "motor-propelled vehicle," such as the van described in the indictment. The appellant goes further in taking the position that a van can be either motor-propelled, horse drawn, or ox drawn.

■ While the appellant is correct in asserting that the State offered no direct evidence tending to prove that the van was motor-propelled, the State did offer sufficient circumstantial evidence on that issue.

Terry D. Lucas, the supervisor of property for Durham Temporaries, Inc., and the named complainant in the indictment, testified in behalf of the State. He testified that on October 16, 1980, a 1979 Dodge van

was taken from the company garage. The State contends that it is a matter of common knowledge that Dodge is a division of Chrysler Corporation, and, as such, manufactures motor-propelled trucks, vans, and automobiles.

Mr. Lucas also testified that no one, other than the regular driver, Bruce Edwards, had permission to drive "that car" on that day. We likewise agree with the State's further contention that the word "car" is one of common usage meaning a motor-propelled vehicle. There was also evidence that the duties of Bruce Edwards, the regular driver of the vehicle, included maintenance of the van, service for it and putting fuel in the van. When the van was stolen, it was at an Exxon gas station for refueling. The jury could deduce reasonably from the testimony concerning the fueling of the vehicle that the vehicle was motor-propelled.

Another State's witness, Wilma Seacrease, testified concerning a collision in which she was involved with a brown van, *driven by the appellant*, on October 17, 1980, the day after the theft of the van. She identified the van by the license plate number QL 9598. On recall to testify, Terry Lucas stated that the license number of the van stolen on October 16, 1980 was QL 9598; likewise, Officer R. L. West, one of the arresting officers, testified that the appellant was *driving* a van bearing license number QL 9598 at the time of his arrest.

■ The fact that the van in question was a motor-propelled vehicle could be proven by circumstantial evidence. See *Prescott v. State*, 610 S.W.2d 760 (Tex.Cr. App.1981), wherein the court, speaking through Justice Teague, observed:

> ... proof of lack of consent to entry in a prosecution for burglary with intent to commit rape may be made by circumstantial evidence *the same as any other* issue in a criminal case may be proved by circumstantial evidence. *Id.*, at 763. (Emphasis added.)

We also note that the jury was given a charge on circumstantial evidence.

We overrule the appellant's ground of error one.

■ By his grounds of error two and four, the appellant complains that the trial court erred in failing to have a bifurcated trial as required by Tex.Code Crim.Pro.Ann. article 37.07 (Vernon 1974), also, that the trial court erred in assessing the appellant's punishment at life because there was no evidence of prior convictions introduced or re-introduced by the State after the jury verdict at the guilt/innocence stage of the trial.

Following the return of the jury's verdict of guilty, the trial court excused the jury because the appellant, during the guilt/innocence phase of the trial, admitted that he had been convicted previously as alleged in the enhancement paragraphs. It was the court's conclusion that the punishment was fixed by law and that there was no fact issue for the jury's determination. Thus, the trial court assessed the appellant's punishment, based upon a finding that the enhancement allegations of the indictment were true in light of the appellant's admissions during his testimony at the guilt/innocence phase of the trial. This was done without any objection from the appellant.

*Howell v. State*, 563 S.W.2d 933 (Tex.Cr. App.1978) is analogous to the situation presented in the case at bar. In *Howell*, the trial court's charge consisted of two paragraphs. In the first paragraph it was stated that the jury had found Howell guilty of aggravated robbery. The second paragraph set forth the punishment provisions of Section 12.42(c) of the Texas Penal Code. The verdict forms attached to the charge gave the jury two choices, life or a term of years, and no issue was submitted on the sufficiency of the evidence to support the enhancement allegations. Howell had pleaded true to the enhancement paragraph and had stipulated that he was the person previously convicted as alleged therein. No objection was made to the introduction of the convictions. Because of the valid allegation of a prior felony conviction, the court held there was "no need to submit its validity for the jury's consideration."

Similarly, in *Zaragosa v. State*, 516 S.W.2d 685 (Tex.Cr.App.1974), the Court of Criminal Appeals held that the trial court did not err in assessing punishment itself, having dismissed the jury after it had returned a verdict of guilty, where the defendant had pleaded true to allegations concerning a prior conviction. Under the applicable statute then in force, assessment of the maximum punishment available for theft from the person (seven years confinement in the penitentiary) was mandatory.

In another analogous situation, the Court of Criminal Appeals, in approving the holding in *Zaragosa*, supra, held that where a defendant was convicted of a capital felony at the guilt stage and it was undisputed that he was under seventeen years of age at the time of the commission of the offense, the trial court did not err in excusing the jury at the penalty stage and assessing punishment at life imprisonment since that was the only imprisonment which could have been assessed. *Allen v. State*, 552 S.W.2d 843, 846 (Tex.Cr.App.1977). We overrule the appellant's grounds of error two and four.

■ By his ground of error three, the appellant asserts that the court erred in failing to have the appellant plead to the enhancement paragraphs of his indictment as required by Tex.Code Crim.Pro.Ann. article 36.01.

In our view, this ground of error is answered by the holding in *Reed v. State*, 500 S.W.2d 497 (Tex.Cr.App.1973). There, the defendant complained that the trial court erred in proceeding with the penalty stage without first reading the enhancement portion of the indictment to him and obtaining his plea in response. Reed had stipulated to a prior conviction alleged in the indictment. He made no contemporaneous objection to the trial court's failure to read the enhancement portion of the indictment and to allow him to plead in response. The Court of Criminal Appeals, noting that the objection could be easily met if timely presented, held that although the enhancement portions of the indictment should be read and the plea to them obtained, the failure to do so will not constitute reversible error when punishment is determined by the court. We overrule the appellant's ground of error three.

■ By his ground of error five the appellant complains that the trial court erred in not submitting in its charge to the jury the appellant's requested instruction on mistake of fact, i.e. that if the jury believed that the appellant believed that James Johnson had the right to lend the van to the appellant, it should find him not guilty. The charge as given correctly required the jury to find that the appellant knew or intended that his operation of the vehicle was without the owner's effective consent. *Musgrave v. State*, 608 S.W.2d 184 (Tex.Cr.App.1980); *Griffin v. State*, 614 S.W.2d 155, 158 n. 4 (Tex.Cr.App.1981).

We overrule the appellant's ground of error five.

■ Finally, by his ground of error six, the appellant asserts that the trial court erred in not granting his motion to require the State to elect which count of the indictment it was relying upon.

The Court of Criminal Appeals considered this proposition in an earlier case. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978) and rejected it.

We overrule the appellant's ground of error six.

We affirm the judgment of the trial court.