David THOMAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0055–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1982.

John Batchan, Jr., Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

The appellant was convicted by a jury of the unauthorized use of a motor vehicle, and based upon prior convictions for burglary and possession of heroin, the court assessed his punishment at life imprisonment.

In his first ground of error, the appellant contends that the State failed to prove all essential elements of the offense, as alleged in the indictment, and that the evidence was therefore insufficient to sustain his conviction.

Texas Penal Code Ann. § 31.07 defines the offense of unauthorized use of a vehicle as:

A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

The applicable part of the indictment reads:

It is further presented that in Harris County, Texas, DAVID THOMAS, JR., hereinafter styled the Defendant, heretofore on or about JULY 16, 1982, did then and there intentionally and knowingly operate a motor-propelled vehicle, namely a van, owned by SONNY ELLIS, a person having a greater right to possession of the property than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

The appellant argues that the State was required to prove not only that the appellant intentionally and knowingly operated the vehicle without the effective consent of the owner, Sonny Ellis, but also that he had knowledge that Sonny Ellis was the owner.

This same contention was considered and rejected by the Texas Court of Criminal Appeals in *Musgrave v. State*, 608 S.W.2d 184 (Tex.Cr.App.1980). Affirming the trial court's judgment, after granting the State's Motion for Rehearing, the court held:

The trial court was the trier of the facts, the judge of the credibility of the witnesses and the weight to be given to their testimony. The trial court had the right to accept or reject any evidence offered by the State or the appellant. The defense offered by the appellant that someone else stole the automobile and he, not knowing such fact, used the automobile thinking he had consent of the one authorized to give such consent does not

create an additional element to the offense of which the appellant was convicted.

In a concurring opinion, Justice Roberts explained: "Under this holding the accused's knowledge that he was acting without the owner's consent is not an element of the offense." *See also, Lynch v. State,* 635 S.W.2d 172 (Tex.App.—Houston [1st Dist.] 1982, writ filed).

The evidence showed that the vehicle in question, a 1979 Ford van, had been leased to a business called Sav-a-Stop, and that an employee of that business, Sonny Ellis, had been given responsibility for its custody. The van was stolen from a store parking lot while the driver was inside. Two days later, a police officer noticed the van and became suspicious of its license plates. After checking with his dispatcher, the officer learned that the van had been stolen. A chase ensued, and the appellant finally ran the van into a tree and was apprehended. According to the officers' testimony, the appellant told them that the van belonged to an old friend, "George", and that he had been test driving it. He did not know "George's" last name, nor did he know where "George" lived.

We find the evidence sufficient to sustain the conviction, and we overrule the appellant's first ground of error.

■ In his second ground of error the appellant makes a multifarious argument. First, he contends that the trial court erred in refusing to give a requested jury instruction defining the word "owner" as follows:
"Owner" means the person who has title to property, whether lawful or not, or greater right to possession of the property than the actor.

The charge submitted to the jury defined "owner" as a person who had the greater right to possession of the property than the defendant, stating that "possession" meant actual care, custody, control or management of the property.

The trial court's definition was not improper according to the theory of ownership alleged in the indictment. See, *Ex parte Davis,* 542 S.W.2d 192 (Tex.Cr.App.1976); *McGee v. State,* 572 S.W.2d 723 (Tex.Cr. App.1978).

■ The appellant also complains that the trial court erroneously refused to submit his requested defensive issue as follows:
Now, if you believe from the evidence beyond a reasonable doubt that on or about the 14th day of July 1982, in Harris County, Texas, the defendant, David Thomas, did then and there unlawfully, intentionally or knowingly operate a motor propelled vehicle without the effective consent of Sonny Ellis or any other person with a greater right to possession of the property than the defendant, then you will find the defendant guilty of unauthorized use of vehicle.

In *Bonner v. State,* 426 S.W.2d 869 (Tex. Cr.App.1968), a conviction was reversed where the trial court refused an instruction on consent of an apparent owner of the vehicle. However, in that case the defensive issue of apparent ownership was based upon testimony by the defendant that he had not known the car was stolen and that he had been given the use of the car by a friend named James.

In the case at bar, the appellant did not testify, and the only evidence of exculpatory statements came from the officers' testimony. There was testimony by two of appellant's friends, both of whom had had prior convictions for burglary and theft, that they had seen a person named George Washington driving a 1979 brown van. One of these witnesses testified that on July 16 (two days after the van was stolen) he saw Washington give appellant the keys to the van. However, neither the appellant nor the person named George Washington testified at trial, and we are left to conjecture whether the appellant had knowledge that the van had been stolen when it came into his possession. The trial court did not abuse its discretion in refusing to submit the requested instruction. *See, Johnson v. State,* 635 S.W.2d 564 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Williams v. State,* 605 S.W.2d 596 (Tex.Cr.App.1980);

*Harper v. State,* 533 S.W.2d 776 (Tex.Cr. App.1976).

 In his third ground of error, the appellant contends that the evidence was insufficient to prove enhancement because the trial court admitted into evidence, over his timely objection, unauthenticated penitentiary records. He argues that such records must be proved by the testimony of a custodian in order to permit the accused his right to confrontation. This contention is overruled. The records are self-proving under Art. 3731a V.A.C.S., *Spencer v. State,* 164 Tex.Cr.R. 464, 300 S.W.2d 950 (Tex. Crim.App.1957); *Vessels v. State,* 432 S.W.2d 108 (Tex.Cr.App.1968); *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr.App.1977).

The trial court's judgment is affirmed.