Magdellino **GUERRERO**, a/k/a Roberto Cruz Gonzalez, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–83–245–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 9, 1984.

Robert Tarrant, Houston, for appellant.

Robert Mason, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the offense of unauthorized use of a motor vehicle for which punishment was assessed at four years' confinement in the Texas Department of Corrections. The issues presented on appeal are: (1) whether the evidence is insufficient to sustain a conviction for the reason that the State introduced an exculpatory statement of appellant and failed to disprove such statement; (2) whether the evidence is insufficient to sustain the conviction because there is no evidence in the record to show that the alleged conduct of appellant was "unlawfully" committed, as alleged in the indictment; and (3) whether the trial court com-

mitted reversible error in overruling appellant's motion to quash the indictment. We affirm the judgment of the trial court.

Appellant was indicted in a three-count indictment for the offenses of (1) felony theft in violation of TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1982–1983), (2) unauthorized use of a motor vehicle in violation of TEX.PENAL CODE ANN. § 31.-07 (Vernon Supp.1982–1983), and (3) burglary of a building with intent to commit theft in violation of TEX.PENAL CODE ANN. § 30.02 (Vernon Supp.1982–1983). Upon the motion of the State, the first and third counts of the indictment were abandoned and dismissed. Appellant waived a jury trial and entered a plea of not guilty to the second count. This count alleged, in pertinent part, that appellant on or about January 27, 1982:

> did then and there unlawfully, intentionally and knowingly operate a motor-propelled vehicle, namely, a truck, owned by Ronald L. Wages, a person having a greater right to possession of the property than the Defendant and hereafter styled the Complainant, without the effective consent of the Complainant, namely, without any consent of any kind.

In its case in chief, the State presented the following undisputed testimony: The arresting Houston police officers observed appellant driving a 1979 Ford truck at a very slow rate of speed and without headlights in the 600 block of Hayes Street in Harris County, Texas. The police officers pulled their vehicle in front of appellant's vehicle to stop him. After stopping the truck, appellant exited the truck and dropped the truck's ignition switch on the ground. When asked if the vehicle was his, appellant responded "that it was not his vehicle, that he had borrowed it from a friend." Appellant could not recall his friend's name. The police officers checked "S & W" (stolen and wanted) regarding the truck; however, the truck had not been reported as having been stolen or missing. An attempt was made to contact the title owner, Lester Wages, without success.

The complainant, Ronald Lester Wages, testified that he was the owner of the 1979 Ford truck and that on January 27, 1982, around 11:00 p.m., he had driven the truck home, locked it, and removed the keys and that, upon checking the truck approximately thirty minutes later, he had discovered that the truck was missing. The complainant also testified that he reported the theft of the truck to the Houston Police Department on the following morning after having obtained the required registration information. The complainant further testified that he did not know appellant nor did he give appellant permission to use the truck.

Appellant did not testify on his own behalf. He did, however, call two witnesses who gave the following testimony: They had seen appellant around 11:00 p.m. on January 27, 1982, with an unidentified man. Their car had stalled, and they had needed someone to give them a "boost" with jumper cables. Supposedly, the unidentified man, who had been standing with appellant, volunteered to get his vehicle and give the witnesses a "jump." The unidentified man left and returned with a gray truck, license number unknown, and gave the witnesses a "jump," thus enabling them to get their car started. They then drove away, leaving the unidentified man in the truck and appellant standing on the street.

In his first ground of error, appellant asserts that the evidence is insufficient to sustain a conviction for the reason that the State introduced an exculpatory statement of appellant and failed to disprove such statement. In support of his first ground of error, appellant argues that the rule in *Palafox v. State*, 608 S.W.2d 177 (Tex.Cr.App.1979), is applicable. Appellant essentially contends, in accordance with *Palafox*, (1) that his statement (that the truck was not his and that he had borrowed it from a friend) was exculpatory; (2) that, because said statement was presented in the State's case in chief and not in the defendant's case, the State had the burden of refuting or disproving said statement beyond a reasonable doubt; and (3) that, because the evidence presented was insufficient to re-

fute or disprove said statement, appellant was entitled to an acquittal.

Appellant argues that the statement (that the truck was not his and that he had borrowed it from a friend) was exculpatory in that if he had borrowed the truck from a friend, he had permission from a person he thought had authority to grant consent; therefore, he could not have "intentionally and knowingly" operated the truck without the effective consent of the owner, as alleged in the indictment. Essentially, this same contention was considered and rejected by the Texas Court of Criminal Appeals in *Musgrave v. State*, 608 S.W.2d 184 (Tex.Cr.App.1980) (Opinion on State's Motion for Rehearing).

Likewise, the Houston First Court of Appeals in *Thomas v. State*, 646 S.W.2d 565 (Tex.App.—Houston [1st Dist.] 1982, no pet.) implicitly held that, in the prosecution for unauthorized use of a motor vehicle, the State was not required to prove the accused's knowledge that he was acting without the owner's consent. In *Thomas*, the defendant argued that the State was required to prove not only that the defendant intentionally and knowingly operated the vehicle without the effective consent of the owner, Sonny Ellis, but also that he had knowledge that Sonny Ellis was the owner. The evidence in *Thomas* showed that, upon being apprehended following a chase with police in which the defendant had been driving the vehicle in question, a 1979 Ford van, the defendant told the arresting police officers that the van belonged to an old friend, "George," and that he had been test driving it; he did not know "George's" last name nor did he know where "George" lived. The Houston First Court of Appeals found the evidence to be sufficient to sustain the defendant's conviction for unauthorized use of a motor vehicle.

The State is not required to prove appellant's intent or knowledge that he was acting without the owner's consent in such cases. Appellant's statement (that the truck was not his and that he had borrowed it from a friend) was not exculpatory. We

hold that the evidence is sufficient to sustain the conviction. Appellant's first ground of error is overruled.

In his second ground of error, appellant asserts that the evidence is insufficient to support the conviction because there was no evidence in the record to show that the alleged conduct of appellant was "unlawfully" committed as alleged in the indictment. The second count of the indictment, upon which appellant was convicted, alleged that the conduct set forth therein was "unlawfully" committed. Appellant does not contend that the word "unlawfully" is essential to the validity of the indictment since Section 31.07 does not make the word "unlawfully" an element of the offense; nevertheless, appellant asserts that the allegation "unlawfully" is descriptive and explanatory of the conduct set forth in the indictment in that it does describe the nature of the conduct and, as such, must have been supported by appropriate evidence presented at trial.

The evidence presented at trial demonstrates that the appellant was observed by two Houston police officers operating the owner's vehicle without the effective consent of the owner. This conduct is proscribed and made unlawful by Section 31.07; therefore, "unlawfully" is merely a conclusion encompassing the criminal conduct charged and, as used in the indictment, the word "unlawfully" is mere surplusage and adds nothing. *Grice v. State,* 635 S.W.2d 890 (Tex.App.—Dallas 1982, pet. ref'd.); *See Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977). The evidence substantiates unlawful conduct on the part of appellant, in any event, in driving the owner's vehicle without effective consent. *See Ex Parte Reed,* 610 S.W.2d 495 (Tex.Cr.App.1981). Appellant's second ground of error is overruled.

In his third ground of error, appellant asserts that the trial court committed reversible error in overruling his motion to quash the indictment. Appellant contends that the indictment was insufficient to provide notice of the offense with which he was charged because (1) the allegation of "unlawfully" in the indictment should have been further defined and (2) the allegation of "without effective consent of the Complainant, namely, without any consent of any kind" was indefinite for failing to specify which method of lack of consent under Section 31.01(4) the State intended to prove.

Regarding the allegation of "unlawfully" in the indictment, where the facts alleged in an indictment clearly show the offense to be unlawful, an express allegation of unlawfulness is unnecessary. *Ex Parte Reed* at p. 498. However, as mentioned above, the allegation "unlawfully", when used in an indictment, is merely a conclusion encompassing the criminal conduct charged and, as used in the indictment, is mere surplusage and adds nothing. *Grice* at p. 893. Appellant's contention regarding the allegation "unlawfully" is without merit.

Regarding the allegation of "without effective consent of the Complainant, namely, without any consent of any kind", appellant contends that he was not afforded adequate notice of which of the definitions for "effective consent" under Section 31.01(4) the State intended to prove at trial. The different definitions of a term "effective consent" are essentially evidentiary and need not be alleged in the indictment. The State need only allege no consent or no "effective consent." *Thomas* at p. 161. The appellant having been charged with having committed the alleged conduct "without the effective consent of the complainant, namely, without any consent of any kind," was not deprived of adequate notice of the offense. Furthermore, the indictment's failure to specify the exact definition of "effective consent" under Section 31.01(4) did not deprive the defendant of notice of the offense. *Thomas* at pp. 160–164. Appellant's third ground of error is overruled.

The judgment of the trial court is AFFIRMED.