Elyhue **CORSWELL**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–83–01004–CR.

Court of Appeals of Texas, Dallas.

Sept. 25, 1984.

Mark F. Holland, Dallas, for appellant.

Henry Wade, Dist. Atty., Leslie McFarlane, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, VANCE and ALLEN, JJ.

**156**

STOREY, Justice.

Appellant, Elyhue Corswell, Jr., appeals from a conviction for the offense of aggravated sexual abuse of a child. Punishment, twice enhanced, was assessed at life imprisonment. In two grounds of error, each pertaining to punishment, appellant contends the trial court erred in withdrawing the issue of punishment from the jury and that the evidence is insufficient to prove the enhancement allegations. We disagree and, thus, affirm.

Appellant pleaded not guilty. Nevertheless, a jury returned a verdict of guilt. Appellant elected in writing before trial to have the jury assess his punishment if he was found guilty. Outside the jury's presence, appellant pleaded true to both of the enhancement allegations contained in the indictment. Upon appellant's plea of true to each enhancement allegation, the trial court dismissed the jury and assessed the mandatory punishment of life imprisonment. Appellant specifically contends that because his pleas to the enhancement allegations were not made in the presence of the jury he was (1) deprived of his right to trial by jury in violation of TEX.CONST. art. I § 10 and TEX.CODE CRIM.PROC. ANN. arts. 1.05 and 1.12 (Vernon 1977), and (2) the evidence was insufficient to prove the truth of the enhancement allegations. Because the grounds of error are related, we will address them together.

■ Appellant's plea of true to each enhancement allegation relieved the State of its burden of proof on the earlier convictions. *Harvey v. State*, 611 S.W.2d 108 (Tex.Crim.App.1981) (*en banc*), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). Thus, the issue of whether the State had proven the earlier convictions beyond a reasonable doubt was removed from the jury's determination. Additionally, because life imprisonment was mandatory based on the earlier convictions, there was no issue on punishment for the jury to decide. *See Harvey*, 611 S.W.2d at 111; *Zaragosa v. State*, 516 S.W.2d 685 (Tex.Crim.App.1974). We hold, therefore, that the court's dismissal of the jury was

not error. Because there was no issue for the jury to decide, it would have been meaningless for the jury to have been present when appellant pleaded true to the enhancement allegations.

Additionally, having pleaded true to each enhancement allegation, appellant cannot be heard to complain on appeal that the evidence was insufficient. *Harvey*, 611 S.W.2d at 111.

We affirm.