IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00168-CR

 

Hubert Lee Steadman,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2002-782-C

 



Opinion



 

          A
jury convicted Hubert Lee Steadman of two counts of sexual assault.  Steadman pleaded “true” to an allegation that
he had been previously convicted of sexual assault, and the jury sentenced him
to life imprisonment on both counts. 
Steadman contends in five issues that: (1) the enhancement allegation of
the indictment did not give him adequate notice that the State would seek a
mandatory life sentence; (2) the life sentences constitute cruel and unusual
punishment; (3) the life sentences violate his right to equal protection; (4)
the punishment verdict is invalid because the court failed to submit a separate
verdict form for each count; and (5) the punishment verdict is void because the
jury rather than the court found the enhancement allegation “true.”

          Because
Steadman failed to preserve most of these complaints or is estopped to raise
them, because the court’s charge is not erroneous, and because Steadman
suffered no egregious harm from the punishment charge that was submitted, we
will affirm.

Steadman Failed To Preserve His
Objection To The Indictment

And The Court’s Charge Is Not
Erroneous

 

          Steadman
contends in his first issue that the enhancement allegation did not give him
adequate notice that the State would seek mandatory life sentences under
section 12.42(c)(2) of the Penal Code and that the court erroneously instructed
the jury to sentence Steadman to life imprisonment on both counts.

          The
indictment alleges two counts of sexual assault, both second degree
felonies.  The enhancement allegation
asserts that Steadman was previously convicted of sexual assault.  As Steadman notes, if the general enhancement
provision of section 12.42(b) applies, then his punishment would be for a first
degree felony (5 to 99 years or life and up to a $10,000 fine).  See
Tex. Pen. Code Ann. § 12.32
(Vernon 2003), § 12.42(b) (Vernon Supp. 2004–2005). 
Conversely however, because Steadman was convicted of sexual assault and
has a prior conviction for the same offense, the mandatory life provision of
section 12.42(c)(2) applies.  Id. § 12.42(c)(2)(A)(i), (B)(ii) (Vernon Supp.
2004–2005).

          Steadman
contends that because the indictment did not specifically refer to section
12.42(c), he did not have adequate notice that the State would seek mandatory
life sentences.  Ordinarily, a complaint
regarding the adequacy of an indictment must be raised before trial to preserve
the issue for appellate review.  See Tex.
Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2004–2005); Sanchez v. State, 120 S.W.3d 359, 364 (Tex. Crim. App. 2003).  In a similar context however, the Court of
Criminal Appeals has held that the pretrial objection requirement of article
1.14(b) does not apply to certain punishment issues relative to the indictment.  See
Luken v. State, 780 S.W.2d 264, 268 (Tex. Crim. App. 1989); Brooks v. State, 921 S.W.2d 875, 879 (Tex. App.—Houston [14th Dist.] 1996), aff’d, 957 S.W.2d 30 (Tex. Crim. App. 1997).

          In
Luken, the defendant complained that neither
the indictment nor any special plea gave him notice that the State would seek a
deadly weapon finding.  See Luken v. State, 744 S.W.2d 274,
275-76 (Tex. App.—Houston [1st Dist.] 1987), vacated, 780 S.W.2d 264 (Tex. Crim. App. 1989).  The State argued that the defendant failed to
preserve the complaint because he did not raise a pretrial objection to the
indictment under article 1.14(b).  See Luken, 780 S.W.2d at 266.

          The
Court of Criminal Appeals rejected this contention.

                    Plainly put, an indictment sufficient
to allege an offense, but containing no allegation of use or exhibition of a
deadly weapon, suffers no “defect, error, or irregularity of form or substance”
on that account.  It would be
unconscionable to require an accused to complain that the State has failed by
its pleadings to present an issue on some fact beyond what is necessary to “charg[e]
a person with the commission of an offense,” Article V, § 12, supra,[1]
which additional fact may further adversely impact his own liberty
interest.   

 

Id. at 268 (citation omitted) (footnote added).

          The
Court went further to discuss the interaction of article 1.14(b) and
enhancement allegations in general.

          Even
after enactment of Article 1.14(b), supra,
we would not hold that a trial court is authorized to find, or to submit the
question to the jury whether an accused has been formerly convicted for
purposes of enhancement of punishment under Chapter 12 of the Penal Code, on
the theory that the accused failed to object that the indictment did not
include enhancement allegations.  Again,
there is no “defect, error, or irregularity” in an indictment containing no
enhancement paragraph.  It simply fails
to place the accused’s status as a recidivist in issue.  Surely in an accusatory system of criminal
justice we cannot require, consonant with due course of law, that the accused
complain he faces too lenient a range of punishment!

    

Id. 

          The
Fourteenth Court of Appeals applied this latter observation in Brooks. 
There, the defendant contended that the court erred by submitting an
issue to the jury regarding enhancement of punishment because indictment did
not contain an enhancement allegation.  Brooks, 921 S.W.2d at 877.  The Court held that an objection under
article 1.14(b) was unnecessary in this instance because the indictment was not
defective.  Id. at 879.

          Here,
Steadman’s case is different than Luken
and Brooks because Steadman argues
that the enhancement allegation is defective. 
Because of this distinction, we hold that Steadman failed to preserve
his complaint regarding the adequacy of the enhancement allegation because he
failed to raise it by pretrial objection. 
See Tex. Code Crim. Proc. Ann. art. 1.14(b); Shaw v. State, 794 S.W.2d 544, 544 (Tex. App.—Dallas 1990, no
pet.); Chambless v. State, 776 S.W.2d
718, 719 (Tex. App.—Corpus Christi 1989, no pet.); accord Sanchez, 120 S.W.3d at 364.

          Nevertheless,
Steadman also contends that the court erred by charging the jury that it must
sentence him to life imprisonment on both counts under section 12.42(c)(2)
rather than charging the jury under the general enhancement provision of
section 12.42(b).  Even though Steadman
did not raise this objection at trial, he may raise this issue for the first
time on appeal, but he can obtain a reversal only if the alleged error resulted
in egregious harm.  Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004) (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)); see also Kucha v. State, 686 S.W.2d 154,
155 (Tex. Crim. App. 1985) (applyng Almanza
standard to punishment charge).  To
prevail in this instance, Steadman must establish that the charge is erroneous
and that this error caused him egregious harm. 
See Mann v. State, 964 S.W.2d 639,
641 (Tex. Crim. App. 1998); Phillips v.
State, 72 S.W.3d 719, 721 (Tex. App.—Waco 2002, no pet.).

          The
indictment alleges that Steadman committed two sexual assaults and that he has
a prior conviction for sexual assault. 
The court instructed the jury in the charge that, because the jury had
convicted Steadman of two counts of sexual assault and because he pleaded
“true” to the enhancement allegation, a mandatory life sentence was required by
law for each count.

          The
court’s charge comports with the enhancement allegation in the indictment, with
the defendant’s plea to the enhancement allegation, and with section
12.42(c)(2).  Thus, no error is shown.  Cf.
Throneberry v. State, 109 S.W.3d 52, 60 (Tex. App.—Fort Worth 2003, no pet.) (punishment
charge erroneous because it included enhancement instruction despite State’s
failure to give notice); Brooks, 921
S.W.2d at 879 (same).

          Accordingly,
we overrule Steadman’s first issue.

Steadman
Failed To Preserve His Constitutional Claims

          Steadman contends in his second issue
that his life sentences constitute cruel and unusual punishment in violation of
the Eighth Amendment.  He contends in his
third issue that his sentences violate the Fourteenth Amendment’s equal
protection guarantee.  However, because
he did not raise these contentions at trial, he has failed to preserve them for
appellate review.  See Schneider v. State, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983) (cruel-and unusual-punishment
claim not preserved); Castaneda v. State,
135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (same); Steadman v. State, 31 S.W.3d 738, 742
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (equal-protection
and cruel-and-unusual-punishment claims not preserved); accord Neal v. State, No. PD-1559-03, 2004 Tex. Crim. App. LEXIS
1976, at *13-15 (Tex. Crim. App. Nov. 17, 2004) (due process claim not preserved).   Accordingly, we overrule Steadman’s second
and third issues.

Steadman Did Not Suffer Egregious
Harm Because Of The

Court’s Failure To Submit Separate
Verdict Forms

 

          Steadman
contends in his fourth issue that the court erred by failing to submit a
separate verdict form for each count under which he was convicted.  Because Steadman did not object to the
punishment charge, he can obtain reversal only if the alleged error caused him
egregious harm.  See Mann, 964 S.W.2d at 641; Phillips,
72 S.W.3d at 721.

          Article
37.07, section 1(b) provides that “If the plea is not guilty, [the jurors] must
find that the defendant is either guilty or not guilty, and, except as provided
in Section 2, they shall assess the punishment in all cases where the same is
not absolutely fixed by law to some particular penalty.”  Tex.
Code Crim. Proc. Ann. art. 37.07, § 1(b) (Vernon Supp. 2004–2005).  Section 2 establishes the procedures by which
a defendant may elect to have the jury assess his punishment or waive that
right.  Id. § 2 (Vernon Supp. 2004–2005).  Section 2(c) provides that, when a jury is
assessing punishment, “[p]unishment shall be assessed on each count on which a
finding of guilty has been returned.”  Id. § 2(c).

          Here,
Steadman pleaded “true” to the enhancement allegation.  Therefore, he faced a mandatory life sentence
on both counts.  See Tex. Pen. Code Ann.
§ 12.42(c)(2)(A)(i), (B)(ii). 
Accordingly, the trial court should have excused the jury after
receiving Steadman’s plea of “true” and assessed Steadman’s punishment without
the jury.  Tex. Code Crim. Proc. Ann. art. 37.07, § 1(b); Zaragosa v. State, 516 S.W.2d 685, 686
(Tex. Crim. App. 1974); Corswell v. State,
679 S.W.2d 155, 156 (Tex. App.—Dallas 1984, no pet.); Lynch v. State, 635 S.W.2d 172, 174-75 (Tex. App.—Houston [1st Dist.] 1982), rev’d on other grounds, 643 S.W.2d 737 (Tex. Crim. App. 1983).

          Even
if we were to conclude (which we do not) that the court erred by failing to
submit separate verdict forms to the jury, no “egregious harm” is shown.  The jury had only one option for sentencing:
a life sentence on both counts.  Steadman
and his counsel knew this before the trial began, as evidenced by counsel’s
comments made in Steadman’s presence during a pretrial hearing in which the
parties discussed whether the punishment issue should be addressed during voir
dire.

          Accordingly,
we overrule Steadman’s fourth issue.

Steadman Is Estopped To Complain
That The Jury Rather Than

The Court Found The Enhancement
Allegation True

 

          Steadman
contends in his fifth issue that, assuming the issue of punishment was not
properly before the jury, his punishment verdict is void because the court did
not affirmatively find that he had been previously convicted as alleged.

          Steadman
suggests that the issue of punishment was not properly before the jury because
the record contains no indication that he desired jury sentencing.  However, the record plainly reflects that
Steadman’s counsel insisted at the punishment charge conference that the matter
be submitted to the jury.  See Rushton v. State, 695 S.W.2d 591,
594-95 (Tex. App.—Corpus Christi 1985, no pet.) (defendant may
verbally request jury sentencing at trial).

          Therefore,
because Steadman insisted that the jury assess punishment, he is estopped to
complain that the jury rather than the court found the enhancement allegation
“true.”  See Ripkowski v. State, 61 S.W.3d 378, 388-89 (Tex. Crim. App. 2001); Wisdom v. State, 143 S.W.3d 276, 280 (Tex. App.—Waco 2004, no pet.); see also Fontenot v. State, 500 S.W.2d 843, 844 (Tex. Crim. App.
1973) (no reversible error shown where defendant did not object to jury
assessing punishment).  Accordingly, we
overrule his fifth point.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed December
 29, 2004

Publish

[CRPM]








 











    [1]       Article V, § 12(b) of the Texas
Constitution provides in pertinent part, “An indictment is a written instrument
presented to a court by a grand jury charging a person with the commission of
an offense.”