**AFFIRM; and Opinion Filed February 15, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00158-CR

**JARRON JEMEL WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F14-76709-X**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Fillmore

As relevant to this appeal, Jarron Jemel Williams was charged by indictment with felony murder, based on the predicate felony of unauthorized use of a vehicle. Williams waived his right to a jury trial, pleaded not guilty, and was tried before the judge. The trial court found Williams guilty, and assessed punishment of thirty years' confinement. Williams' sole complaint on appeal is the evidence is insufficient to support his conviction, because there is no evidence he intentionally or knowingly operated a motor-propelled vehicle without the effective consent of the owner. We affirm the trial court's judgment.

### Background

On November 24, 2014, a 2002 green Jeep Cherokee was stolen from the residential driveway of Megan Kay. Ms. Kay was in lawful possession of the jeep while her brother, the owner of the vehicle, was in the hospital. She immediately called the police and reported the theft.

On "[the] night of November 25, 2014," Mesquite Police Sergeant Jerry Walzel, who worked the 4:00 p.m. to 2:00 a.m. shift, received a call from dispatch regarding a possible intoxicated driver in a green Jeep Cherokee.  Sergeant Walzel saw the jeep, followed it, turned on his in-car video camera,[1] provided the license plate number to dispatch, confirmed the jeep was stolen, and called for back-up to make a felony stop.  The jeep "was swerving in and out of its lane and crossing the line and just staying right on the line . . . ."  Sergeant Walzel followed the jeep alone, because "that night was one of the nights that all of our officers were tied up."  The driver of the jeep ran a red light, whereupon Sergeant Walzel activated his emergency lights and siren.  Instead of pulling over, the jeep's driver "beg[an] to accelerate and beg[an] to change lanes avoiding me."  With Sergeant Walzel in pursuit, the fleeing jeep "reach[ed speeds of] 85, 86 miles an hour" as it approached a busy three-lane intersection, ran another red light, hit several vehicles, and caused a crash involving "seven to ten" vehicles, one of which burst into flames and resulted in a death.  Sergeant Walzel testified, "the mass destruction of multiple vehicles caused during the crash" made this accident the worst he had ever "worked in [his] 18 years" as a police officer.  Sergeant Walzel's trial testimony reflects the accident occurred at "[a]pproximately 11 o'clock at night."

Williams testified he obtained the jeep as a "dope rental where you give somebody dope money and use the car."  He testified, "A ['dope user'] friend gave [the jeep] to me for like $20," and "I didn't know where [the jeep] come from.  I just know I had to bring it back by nighttime."  On "that night [of the accident]," he picked up Johnny Clark, and after "hanging out doing . . . . drugs and alcohol," they decided to "go to a strip club" "around like maybe 6:00, 6:30."  Williams testified, "It was almost about to get dark," "but it was still light outside."

---

[1] The in-car police video was admitted into evidence at trial.

At trial, Johnny Clark testified Williams picked him up as he was walking down the street "about 5:00 . . . . it was getting about to be nighttime." From "around 5 o'clock" until "it was dark," Williams and Clark "had been drinking and doing drugs and just hanging out," then decided "to go to a strip club." As Williams was driving to the strip club, Clark, who was in the passenger seat, knew "the cops [were] after [them]" when, "in the rearview mirror," he saw a police car behind them with its "lights . . . on." Clark testified that in response to the police vehicle with emergency lights activated approaching from behind, Williams "started to push the gas" while Clark was "trying to get him to stop." Clark told Williams "to stop" "about three times," but Williams "kept going."

## Sufficiency of the Evidence

On appeal, Williams contends in a single point of error the evidence is insufficient to prove he committed the underlying felony of unauthorized use of a motor vehicle, and therefore cannot sustain a conviction for felony murder. Specifically, Williams argues the evidence did not show he "intentionally or knowingly" operated the jeep without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.07(a) (West 2017).

### *Standard of Review*

We review sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). *Fernandez v. State*, 479 S.W.3d 835, 837 (Tex. Crim. App. 2016). We examine all the evidence in the light most favorable to the verdict, and based on that evidence and reasonable inferences therefrom, determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Balderas v. State*, 517 S.W.3d 756, 765–66 (Tex. Crim. App. 2016), *cert. denied*, 137 S.Ct. 1207 (2017). It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*,

443 U.S. at 319; *Balderas*, 517 S.W.3d at 766. We defer to and may not substitute our judgment for the factfinder's determinations of credibility. *Jackson*, 443 U.S. at 319; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (in conducting legal sufficiency analysis appellate court may not re-weigh the evidence and substitute its judgment for that of the factfinder). When there is conflicting evidence, we presume the factfinder resolved the conflict in favor of the verdict, and defer to that resolution. *Jackson*, 443 U.S. at 326; *see also Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

In our review, we consider both direct and circumstantial evidence, and all reasonable inferences that may be drawn therefrom. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The standard of review is the same for both direct and circumstantial evidence cases. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Each fact need not point directly and independently to the defendant's guilt, so long as the cumulative force of all the evidence, when coupled with reasonable inferences to be drawn from that evidence, is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13; *see also Wise v. State*, 364 S.W.3d 900, 902–03 (Tex. Crim. App. 2012) (Evidence is sufficient if the inferences necessary to establish guilt are "reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict."). Circumstantial evidence is as probative as direct evidence and, alone, can be sufficient to establish guilt. *Hooper*, 214 S.W.3d at 13.

*Applicable Law*

A person commits the offense of unauthorized use of a vehicle if "he intentionally or knowingly operates another's . . . motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07(a). Section 31.07 encompasses two conduct elements;

the defendant must have intentionally or knowingly operated a motor vehicle (nature of conduct) knowing that his operation of the vehicle was without the effective consent of the owner (circumstances surrounding conduct). *McQueen v. State*, 781 S.W.2d 600, 604 (Tex. Crim. App. 1989). Evidence of flight is admissible to evince a consciousness of guilt, *Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994), and relevant to the issue of mens rea. *Louis v. State*, 61 S.W.3d 593, 597 (Tex. App.—Amarillo 2001, pet. ref'd).

*Analysis*

Williams admits to knowingly operating a motor-propelled vehicle. He challenges only whether the evidence was sufficient to prove he knew he was driving the vehicle without the effective consent of the owner. It is undisputed that Williams did not have the effective consent of the vehicle's owner, Timothy Kay, or his sister, Meagan, who was in lawful possession of the jeep when it was stolen. However, he argues on appeal the evidence is insufficient to prove he did not have effective consent, because he "received permission to use the Jeep from an authorized user." The record does not support his argument.

Williams testified at trial, "I didn't know where [the jeep] come from. I just know I had to bring it back by nighttime." His admission at trial that he did not know where the jeep came from "demonstrates some awareness" by Williams "that he knew he did not have the consent of the owner." *Edwards v. State*, 178 S.W.3d 139, 145 (Tex. App.—Houston [1st Dist.] 2005) (concluding evidence was sufficient to show defendant knowingly operated vehicle without effective consent when vehicle was loaned to him by someone who defendant knew was not the owner).[2] Moreover, Williams testified he "had to bring [the jeep] back" to the "dope user" friend "*by* nighttime" (emphasis added). The trial record is replete with evidence – including testimony

---

[2] *See also In the Matter of A.P.*, No. 03-97-00731-CV, 1998 WL 694913, at *2 (Tex. App.—Austin Oct. 8, 1998, no pet.) (not designated for publication) ("[appellant's] initial admission that he did not know who owned the van, provides further evidence that appellant knew he lacked effective consent to drive the van.").

by Williams, Clark and Sergeant Walzel – showing Williams continued to drive the jeep long into the night, and thus after "nighttime," until the accident occurred at "[a]pproximately 11 o'clock [that] night." That Williams knew he did not have effective consent is further underscored by his continued unauthorized use of the jeep, whose origin was unknown to him, long after the time he "kn[e]w [he] had to bring it back." *See Batisse v. State*, 264 S.W.3d 222, 227 (Tex. App.— Houston [1st Dist.] 2008, pet. ref'd) (concluding evidence was sufficient to show defendant operated vehicle without effective consent when he did not return the car on time); *see also Villareal v. State*, 809 S.W.2d 295, 297 (Tex. App.—Corpus Christi 1991, pet. ref'd) (defendant did not have effective consent when he exceeded "permission to use [the owner's] car for a specific purpose and limited time.").

Finally, Sergeant Walzel testified that when he pursued the jeep with his emergency lights and siren activated after it ran the first red light, the jeep's driver "accelerate[d] and beg[an] to change lanes avoiding me." During the ensuing chase, Williams' "speeds were reaching 85, 86 miles an hour" in a "30 [to] 40" mile per hour zone, before he ran the second red light and crashed into other vehicles that were proceeding through the intersection. The trial court was entitled to infer consciousness of guilt from Williams' flight, and that he knew he did not have the owner's effective consent to use the vehicle.[3] *See Smith v. State*, 118 S.W.3d 838, 843 (Tex. App.— Texarkana 2003, no pet.) (defendant's attempt to flee from police indicates "consciousness of guilt" and jury could rationally have concluded beyond a reasonable doubt that defendant "knowingly" possessed shotgun); *Thomas v. State*, 646 S.W.2d 565, 567 (Tex. App.—Houston

---

[3] *See Bottoms v. State*, No. 02-07-178-CR, 2008 WL 467335, at *3 (Tex. App.—Ft. Worth Feb. 21, 2008, no pet.) (mem. op., not designated for publication) (citing *Smith v. State*, 118 S.W.3d 838, 841, 843 (Tex. App.—Texarkana 2003, no pet.)).

[1st Dist.] 1982, no pet.) (jury properly rejected a claim of effective consent when, among other things, defendant fled from police while driving stolen vehicle).[4]

We conclude the evidence is sufficient to support the trial court's finding Williams operated the jeep without effective consent of the owner. We resolve Williams' sole issue against him, and we affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170158F.U05

---

[4] *See also Parks v. State*, No. 02-13-00570-CR, 2014 WL 4105294, at *2 (Tex. App.—Ft. Worth Aug. 21, 2014, no pet.) (mem. op., not designated for publication) (concluding jury could reasonably infer from defendant's flight from police that he knew he did not have effective consent to drive vehicle) (citing *McQueen*, 781 S.W.2d at 604–05).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JARRON JEMEL WILLIAMS, Appellant

No. 05-17-00158-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas, Trial Court Cause No. F14-76709-X. Opinion delivered by Justice Fillmore, Justices Lang-Miers and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of February, 2018.